MARGARET J. McNUTT *et al.* v. N. O. P.
McCOMB *et al.*

No. 11,263.   ( 58 Pac. 965.)

1. WILL— *Repugnant Provisions—Construction.* In a will con-
taining two items, the first read: "I hereby devise and bequeath
unto my beloved wife, Lucinda Burke, subject to the payment of
my debts, funeral expenses, and other expenses, all my estate,
real and personal and mixed." The second item contained a di-
rection that whatever might remain of the estate at the death of
the wife should be divided between three children and a grand-
son of the testator. *Held*, that the terms of the first item cre-
ated an uncontrolled power of disposition in the wife of all the
real estate of the testator, vesting in her an estate in fee simple ;
and that the second clause, containing a direction inconsistent
with the absolute interest vested in her, is void.

2. ———— *Case Distinguished.* The case of *Williams v. McKin-
ney*, 34 Kan. 514, 9 Pac. 265, distinguished.

Error from Shawnee district court ; Z. T. HAZEN,
judge.   Opinion filed November 11, 1899.   Affirmed.

*John Guthrie, Edwin A. Austin,* and *C. M. Foster,*
for plaintiffs in error.

*A. Bergen,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. :  This case depends on the construction
to be given to the will of James Burke, deceased.   The
will reads :

" Item first :  I hereby devise and bequeath unto
my beloved wife, Lucinda Burke, subject to the pay-
ment of my debts, funeral expenses, and other ex-
penses, all my estate, real and personal and mixed.

" Item second :  At the death of my said wife, I
direct that whatever may then remain of my said es-
tate be divided between my three children, Margaret
J. McNutt, Alonzo Burke, and Sophia Whitmore, and
my grandson James Whitmore, as follows :  One-third

to Margaret J. McNutt, one-third to Alonzo Burke, and the other third to be equally divided between Sophia Whitmore and James Whitmore above mentioned.

"I hereby direct that no inventory or appraisement of my property, real or personal, be required, and that no bond shall be required of my executrix.

"I hereby constitute and appoint my wife, Lucinda Burke, executrix of this my last will, and authorize and empower her to sell in such manner and upon such terms as she deem proper, at public or private sale, any or all of my personal property, and also in like manner to sell as much of my real estate as may be necessary for the payment of my debts, and convey the same in fee simple, without an order of court, as fully as I in my lifetime could do."

The court below held that by the terms of said will a fee-simple title to the real estate in controversy passed to the wife, Lucinda Burke, and not a life-estate. If the construction given to the instrument by the trial court be correct, then no other question need be considered.

By the first item the testator devises to his wife, in unmistakable terms, a fee-simple title to all his real estate, in language free from ambiguity. The use of the word "heirs," or other words of inheritance or perpetuity, are not necessary under our statute to create and convey an estate in fee simple. (Gen. Stat. 1897, ch. 117, § 2; Gen. Stat. 1899, § 1152.) Section 54, chapter 110, General Statutes of 1897 (Gen. Stat. 1899, § 7634), reads:

"Every devise of real property in any will shall be construed to convey all the estate of the testator therein which he could lawfully devise, unless it shall clearly appear by the will that the testator intended to convey a less estate."

The words "subject to the payment of my debts,

funeral expenses and other expenses" create no charge upon the estate by implication, and do not tend to restrict or to limit it. Under our statutes, the whole property of the decedent, not exempt, both real and personal, is charged with the payment of debts. The language used by the testator is the language of the law. (*Starke v. Wilson*, 65 Ala. 576; *Newsom v. Thornton*, 82 id. 402, 8 South. 261.) The words employed in the first item are wholly inconsistent with the idea that any less than a fee-simple estate was granted.

It is insisted, however, that the succeeding items in the will define and limit the estate devised to Lucinda Burke, reducing it from an absolute ownership to an estate for life. The rule is thus stated by Chancellor Kent:

" If, therefore, there be an absolute power of disposition given by the will to the first taker, as if an estate be devised to A. in fee, and if he dies possessed of the property without lawful issue, the remainder over, or remainder over the property which he, dying without heirs, should leave, or without selling or devising the same ; in all such cases the remainder over is void as a remainder, because of the preceding fee ; and it is void by way of executory devise, because the limitation is inconsistent with the absolute estate, or power of disposition expressly given, or necessarily implied by the will." (4 Kent, 270.)

In the case of *Johnson et al. v. Johnson*, 51 Ohio St. 446, 38 N. E. 61, quoted from by counsel for plaintiffs in error, accompanying the words indicating the granting of a fee-simple estate were the following : " With full power to bargain, sell, convey, exchange or dispose of the same as she may think proper." The added language influenced that court in determining for the reason that the

use of the same "creates a slight inference that some-
thing less than a fee was intended." The last clause
of the will does not, in our judgment, tend to weaken
the conclusion that a fee-simple estate was intended
by the first item. The testator, no doubt, believed
that an order of sale by the probate court was neces-
sary to enable his wife to sell the property for the
payment of debts unless directions were given by him
to the contrary. The opinion in the case of *Smith v.
Bell*, 6 Pet. 68, is quoted at length by counsel for
plaintiffs in error. It presents a strong argument in
support of their construction of the will. In com-
menting on this case, in *Gifford & others v. Choate*,
100 Mass. 343, 346, it was said :

"The authority of the decision is somewhat im-
paired by the circumstance that no counsel were heard
on behalf of the party against whom it was made, and
the attention of the court does not seem to have been
drawn to the authorities in favor of the opposite con-
clusion."

The same comment was made on the case in *Campbell
v. Beaumont*, 91 N. Y. 464, 468. The case of *Jones v.
Bacon*, 68 Me. 34, 28 Am. Rep. 1, is quite similar to
the one at bar. A testator, after making sundry
specific bequests, proceeded as follows :

"And as to the residue of my estate, after payment
of my just debts, I give and bequeath the same to my
beloved wife. . . . And lastly, I further direct if
there be any of my said estate left after the decease of
my said wife, then the said property left be equally
divided between G. and T."

The court said :

"But the remainder, as we have seen, has been
already disposed of. It was the wife's, charged with
the payment of just debts. She had the uncontrolled
power of disposal of it. The last clause is not to be

regarded as a withdrawal of what had just been de-
vised.   When property has been devised absolutely,
and with no restrictions upon the gift, the court will
be slow in giving such a construction to subsequent
words as will defeat the absolute estate just devised.
'A valid executory devise cannot subsist under an
absolute power of disposition in the first taker.'
(4 Kent, 270.)  Here was an absolute power of dis-
position in the wife.''

In the case at bar the wife had an absolute and un-
controlled power by the first item to dispose of the
property as effectually as if the language granting her
the estate had been contained in a deed given by James
Burke with an added description of the real estate in
question.   In *Williams v. McKinney*, 34 Kan. 514, 9
Pac. 265, a case relied on to support the construction
contended for by plaintiffs in error, Mr. Justice Johns-
ton used this language :

'' It is further claimed in behalf of the defendants,
that the subsequent clause is a limitation over to the
minor children which is repugnant to the estate al-
ready granted to the wife, and must therefore be held
void ; and many authorities are cited in support of the
claim.   The principle established by these authorities
is applicable in a case where the property is actually
devised in fee simple with an absolute power of dis-
posal in the first taker.''

That case is distinguishable from this by the fact
that the bequest to the wife is followed in the same
sentence by a '' bequest '' that at her death the prop-
erty should fall to and be owned by the testator's
three children.   In that case there were no separate
items in the will and the bequests and the limitation
were in this form :

''All the residue of my estate and personal property,
after the payment of my debts and the payment of the
amount herein bequeathed to my heirs, I give and be-

queath to my beloved wife, Nancy, for her sole use and benefit, and for the rearing, nurture and education of my minor children, to wit, David Russell, Archibald, and Susan; and it is my wish, desire and bequest, that at her death all that remains of my said real or personal property, and its rents, issues, and increase, shall fall to and be owned by my said heirs, David Russell, Archibald, and Susan, to be divided between them, and if possible by them share and share alike."

In using the expression that " all parts of it should be considered and construed together, and if possible it should be construed in such a way as to arrive at the intention of the testator," the writer of that opinion was discussing an instrument in form unlike the one under consideration here. In the case mentioned the word *bequeath* was used, giving and bequeathing to the wife, and at her death bequeathing the property to the heirs, all being closely connected in the same sentence. In Bishop on Non-Contract Law, section 1322, it is said:

" There is nothing connected with our books of decisions more important to be remembered, or a forgetfulness of which oftener leads to mistake than this, that the words of judges are always to be interpreted as qualified and limited by the facts of the case at hand; and that it is thus even when in form general, as laying down doctrines for all classes of facts."

Again, there were qualifying words in *Williams v. McKinney*, in that it was specified that the bequest to the wife was "for her sole use and benefit *and the rearing, nurture and education of my minor children*." Such qualifying sentences, although they seemingly do not detract from the amplitude of the power vested in the devisee over the estate, nevertheless are considered by the courts as some slight evidence that less than a fee was intended to have been granted. (*John-*

*son et al. v. Johnson,* supra). In the will before us there are no limitations or qualifications whatever in the first item, except as regards debts and expenses, which, as we have seen, in no manner affect or diminish the nature of the estate granted. In the first item of the will of James Burke he selected and used words which, under the inflexible rules of the law, vested the title to the property in controversy in his wife in fee simple, and he will be conclusively presumed so to have intended. The true rule, collected from all the authorities, is thus stated in 2 Redfield on Wills, page 277 :

"It is a settled rule of American as well as English law, that where the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, any estate over is void, as being inconsistent with the first gift. Thus, a devise to the testator's son P. of certain real and personal estate, and to his heirs and assigns forever, adding, that if P. should die and leave no lawful heirs, what estate he should leave to be equally divided between another son and a grandson of the testator, naming them, it was held the devise over was void as being inconsistent with the absolute interest in the first devisee. This exclusion of the devisee over depends upon whether the first taker has the absolute right to dispose of the property."

To the same effect see *Howard v. Carusi,* 109 U. S. 725, 3 Sup. Ct. 575 ; *Joslin v. Rhoades,* 150 Mass. 301, 23 N. E. 42 ; *Wolfer v. Hemmer,* 144 Ill. 554, 33 N. E. 751 ; *Campbell v. Beaumont,* supra ; *Gifford & others v. Choate,* supra ; *Banzer v. Banzer,* 156 N. Y. 429, 51 N. E. 291 ; *Benson et al. v. Corbin et al.,* 145 N. Y. 351, 40 N. E. 11 ; *Ross et al. v. Ross et al.,* 135 Ind. 367, 35 N. E. 9 ; *McKenzie's Appeal from Probate,* 41 Conn. 607 ; *Stowell v. Hastings,* 59 Vt. 494, 8 Atl. 738 ; *Williams v. Allison,* 33 Iowa, 278.

Counsel for plaintiff in error say in their brief : "It is true that no words would be better fitted than the first paragraph, standing alone, to give the entire estate absolutely to the wife, unless it would be the addition of the words ' and her heirs ' after the devisee's name." If it is unnecessary to make use of the term "heirs " in a conveyance of an estate in fee simple, how can the word be of service in determining the character of the estate granted ?

The judgment of the court below will be affirmed.