Lohmuller v. Mosher.

---

LAURA E. LOHMULLER V. EMMA MOSHER *et al.*

No. 14,773. (87 Pac. 1140.)

SYLLABUS BY THE COURT.

WILLS — *Construction — Conditional Gift — Remainder.* A will contained the following provision: "I give and devise to my daughter, Elizabeth Yambert, eleven hundred dollars aside of what she has already received, and I appoint my sons, Jacob Yentzer and Benjamin Yentzer, after my death to purchase

with the above eleven hundred dollars a home for the above-named Elizabeth Yambert, to be for her use during her life and after her death the property to fall to her children." *Held*, that this provision does not express an absolute and unconditional gift of the sum of money named to Elizabeth Yambert, but requires its investment in real estate for her use during her life, with remainder in fee to her children.

Error from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed December 8, 1906. Affirmed.

*Wells & Wells*, for plaintiff in error.

*P. L. Burlingame*, and *Emery & Emery*, for defendants in error.

The opinion of the court was delivered by

BURCH, J.: John Yentzer, of Seneca county, Ohio, died leaving a will, which was duly probated at his domicil, and which contains the following provision:

"I give and devise to my daughter, Elizabeth Yambert, eleven hundred dollars aside of what she has already received, and I appoint my sons, Jacob Yentzer and Benjamin Yentzer, after my death to purchase with the above eleven hundred dollars a home for the above-named Elizabeth Yambert, to be for her use during her life and after her death the property to fall to her children."

Benjamin Yentzer was appointed executor of the will. In 1878 he deeded to Elizabeth Yambert the land in controversy by a deed containing the following recitals:

"This deed made in compliance and accompanied by a copy of the last will and testament of John Yentzer, late of Seneca county, Ohio, deceased heretofore on the 14th day of November, A. D. 1876. Admitted to probate court, and now on record in said probate court, of which by Benjamin Yentzer, his executor, and in compliance with item four (4) of said will, does convey as specified in said deed to the said Elizabeth Yambert to be for her use during her life and after her death the property to fall to her heirs forever. . . .

To have and to hold the same to the only proper use of the said Elizabeth Yambert, to be for her use during her life and after her death the property to fall to her heirs forever."

This deed was filed for record in the county where the land lies on March 7, 1885. Afterward one Durland acquired tax deeds of the property. In March, 1889, Elizabeth Yambert gave a general warranty deed of the land to Laura E. Lohmuller, in consideration of $1000 and support for the remainder of her life. After that Laura Lohmuller paid taxes on the premises. She is a grandchild of Elizabeth Yambert, but her mother, Saloma Michaels, daughter of Elizabeth Yambert, died before the death of John Yentzer occurred. After the conveyance to Laura E. Lohmuller, Durland quit-claimed to her.

Elizabeth Yambert died in 1902, leaving five children. Two of them conveyed their interests in the property to William Coates. In a suit for partition brought in 1904 Coates was awarded two-fifths of the land and the three children who had not conveyed one-fifth each. Laura E. Lohmuller was allowed a lien for taxes. The court found that Benjamin Yentzer and Elizabeth Yambert intended that the deed of 1878 should carry out the purpose expressed in the will, and intended that it should follow the wording of the will, but that the word "heirs" was inserted by mistake instead of the word "children." Hence the deed was ordered to be reformed. Laura E. Lohmuller complains of this judgment.

The chief controversy relates to the interpretation of the will. It is said that Elizabeth Yambert was given eleven hundred dollars absolutely and unconditionally; that this clear bequest cannot be cut down by what follows; and that the attempt to limit her interest in land purchased with her own money was nugatory.

The rule of law relied upon by the plaintiff in error is well understood. It has been stated in various ways.

48—74 KAN.

The form used in the note to the case of *McIsaac v. Beaton*, 37 Can. Sup. Ct. 143, in volume 3 of the American and English Annotated Cases, at page 615, is probably as satisfactory as any: "A clear devise or bequest will not be cut down by other expressions or clauses contained in the will which do not, with reasonable certainty, indicate the intention of the testator to cut it down." The authorities are collated in the note referred to. (See *Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265; *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965; *Safe Deposit Co. v. Stich*, 61 Kan. 474, 59 Pac. 1082.)

Applying the rule to the will in question, it immediately becomes manifest that the words following the first indication of a gift are not ambiguous, nor are they directory merely, or precatory, or inferential in their intent. They are unequivocal, of equal authority with those going before; and so inseparably conjoined with those which precede that the expression of the testator's comprehensive thought is not complete until the end of the sentence is reached. The testator desired to add to what his daughter had already received. He set aside $1100 for the purpose. He gave that much more to her, but not as cash. His sons, Jacob and Benjamin, were to take the money and buy a home for her. This home was to be for her use and benefit during her life; after her death the property so purchased to fall to her children.

The purpose is as unmistakable as if in stiff legal phraseology he had appointed trustees, had ordered $1100 in cash from his estate to be paid to them, had ordered them to invest that sum in real estate suitable for a home for Elizabeth, and then had charged the land so to be acquired with an estate to her for life, with remainder in fee to her children. It is impossible to say that Elizabeth was to take $1100 in cash to spend as she pleased, or that, if her brothers purchased a home for her with the money, she might whenever she

wished deed it away, as a gift or for a price, in fee simple absolute. The case, therefore, is not one of a clear bequest against which subsequent expressions may not prevail, and the rule invoked is not controlling.

Other questions presented are less difficult of solution. It is nothing to Laura E. Lohmuller that only one of the trustees carried out the provisions of the will, or that in the execution of the trust a consideration passed, the beneficiary having been satisfied. The real estate in question did not belong to the testator, and title to it did not pass by his will. Hence it was not necessary that the will be recorded in Nemaha county.

The conveyance to Elizabeth Yambert expressly limited her interest in the land to a life-estate, and the reference in the deed to the will sent prospective purchasers of the land to the will to ascertain the true scope of the deed. Under these circumstances any grantee of Elizabeth Yambert took with notice of the extent of her rights, and there was no need of reforming the deed. Any error in that respect could not be prejudicial.

After Laura E. Lohmuller had purchased the life-estate in the land her acquisition of the Durland tax titles merely redeemed the land from taxes. The words "fall to her children" in the will create by inartistic phrase a remainder in fee, the word "children" being a word of purchase.

The facts found by the district court are sustained by the evidence, and its judgment is affirmed.

All the Justices concurring.