CHRISTIANA HURST v. MOSES M. WEAVER *et al., as Executors, etc., et al.*

No. 15,036  (90 Pac. 297.)

SYLLABUS BY THE COURT.

WILLS — *Repugnant Provisions — Construction.* A will which provides that a certain fund "shall be paid and distributed to the following of my children," naming eight children, and subsequently, in the same subdivision of the will, provides "that the share and portion of my said daughter Christiana Hurst [being one of the eight before named] shall be held, controlled and invested by my executors for the sole use, benefit and support of my said daughter and her children, during her lifetime," does not effect an unqualified gift of the portion but conveys it to the executors as trustees, and the daughter is not entitled to have the portion paid to her.

Hurst v. Weaver.

Error from Harvey district court; PETER J. GALLE, judge. Opinion filed May 11, 1907. Affirmed.

*James A. Sturges*, for plaintiff in error.

*Branine & Branine*, and *J. S. Henderson*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: The executors and trustees of the will of David Weaver, deceased, which will had been duly probated in the probate court of Harvey county, brought this action in the district court of that county to have the will interpreted and construed.

Christiana Hurst, being one of the beneficiaries, and also her minor children, for whom a guardian *ad litem* was appointed, appeared and answered, issues were formed, a hearing was had, and the construction of the will made in the decree of the court being unsatisfactory to Mrs. Hurst she brings the case here for review.

The will in controversy is quite lengthy. Special devises of tracts of land were made to certain heirs, and preference was given to certain heirs in the purchase of other tracts, but only two of the eleven subdivisions of the second paragraph are in dispute. No other provision of the will affects the interest of Mrs. Hurst. The tenth subdivision reads as follows:

"As soon as convenient and advisable after my death, it is my will that my executors shall make sale, to the best advantage possible, of all the residue of my property, except the real estate and the personal property which is to be held and used by my wife during her lifetime, as herein directed, and convert the same into money and apply and distribute such money as follows:

"Such money shall be paid and distributed to the following of my children, to wit: John M. R. Weaver, Mrs. Christiana Hurst, David M. Weaver, Moses M. Weaver, Menno B. Weaver, Titus Weaver, Reuben M. Weaver, and Mrs. Anna M. Miller, so that each shall receive an equal share and portion, when taken and considered together with the amount of money which I

have advanced to said children, respectively, and the amount of money which I have paid for buildings and improvements for certain of said children, respectively, during my lifetime. I have advanced to said children the sums of money set opposite their respective names, as follow: To my son, John M. R. Weaver, $690.03; to my daughter, Mrs. Christiana Hurst, $901.43; to my son, David M. Weaver, $1412.71; to my son, Moses M. Weaver, $544.77; to my son, Menno B. Weaver, $899.56; to my son, Titus Weaver, $666.62; to my son, Reuben M. Weaver, $576.27; to my daughter, Mrs. Anna M. Miller, $578.37. And I have paid out for improvements and buildings for the benefit of said children the amounts set opposite their respective names, as follow: To my son, John M. R. Weaver, $1149.97; to my son, Reuben M. Weaver, $1600; to my son, Menno B. Weaver, $1209.26; to my son, Titus Weaver, $775; to my daughter, Mrs. Anna M. Miller, $900.

"It is my will and desire that the amount advanced to each child, as stated above, and the amount paid out for buildings and improvements for each child stated above, shall be considered a portion of the share of such child in apportioning and distributing the proceeds of sale of my property, as stated above.

"In case of the death of any child prior to my death, the share of such deceased child shall pass to the children of such deceased child, in equal shares, and if there be no children of such deceased child, then to the legal heirs of such deceased child.

"It is my will, and I do hereby direct, that the share and portion of my said daughter, Christiana Hurst, shall be held, controlled and invested by my executors for the sole use, benefit and support of my said daughter and her children, during her lifetime, and in case of her death prior to the death of her husband, David K. Hurst, and while the wife of said David K. Hurst, then such share and portion shall be held, controlled and invested by said executors for the sole use and benefit of said David K. Hurst, and the children of my said daughter, and upon the death of my said daughter, if she survives her said husband, and upon the death of said David K. Hurst, in case he survives his said wife, then such share and portion shall immediately pass to the children of my said daughter, and their heirs, share and share alike.

"It is my will, and I do direct, that the share and

portion of my said son, David M. Weaver, shall be held, controlled and invested by my executors for the sole use, benefit and support of my said son and his children; provided, that when he is able to work that no part of said share and portion shall be used for his personal support; and after his death, the remainder of such share and portion shall pass to his children and their heirs, share and share alike."

The material portion of the eleventh subdivision is as follows:

"It is my will, and I do hereby direct, that the proceeds of sale of said above real estate, described as tracts Nos. 1, 2, 3 and 4, shall be by my executors divided and distributed in equal shares, to the following of my children: John M. R. Weaver, Mrs. Christiana Hurst, Menno B. Weaver, David M. Weaver, Moses M. Weaver, Titus Weaver, Reuben M. Weaver, and Mrs. Anna M. Miller; and that the share and portion . . . of my daughter, Mrs. Christiana Hurst, shall be held, controlled and invested and used by my executors in the same manner as the share and portion given to my said son, David M. Weaver, and my said daughter, Mrs. Christiana Hurst, under provision No. 10, above."

It is first contended that the court erred in admitting evidence as to the different removals and the financial success of Mrs. Hurst and her husband prior to the execution of the will; that the will should be construed and interpreted solely from a consideration of the language used therein. It must be conceded, however, that the direction that the proceeds of the sale of his property "be paid and distributed" to certain named heirs, including Mrs. Hurst, cannot be reconciled with the subsequent direction that the "share and portion" of Mrs. Hurst be "held, controlled and invested by my executors" for her use and benefit. Much learned discussion has been indulged in to determine which of two inconsistent provisions in a will should govern, and it has been said that where a clear gift has once been expressed the courts will not give effect to a subsequent provision in diminution of the gift, unless the intent of

the testator to make such diminution is manifest and the terms clear and unambiguous.

. Where the provisions of a will are unambiguous, and are consistent with each other, there is nothing left for construction or interpretation. The right of the testator to do as he pleases with his own is recognized, as in all other cases, and his will is followed to the letter. When, however, ambiguity of statement occurs, or provisions are made which are apparently contradictory or inconsistent, then it is the duty of the court, if possible, to learn the circumstances under which the will was made and to ascertain the relations and feeling existing at the time of the execution of the will between the testator and the beneficiaries—in short, to put itself in the testator's place for the purpose of determining his intention. This the court did, and was not in error to the prejudice of Mrs. Hurst in receiving the evidence. We incline to the opinion that the will itself, without the aid of extraneous evidence, should have led the court to the construction given to it. If so, the evidence was unnecessary but was harmless.

It will be noted that the portion of the will which purports to bequeath to Mrs. Hurst a portion of the proceeds of the testator's property includes her simply as one of the legatees—one of a class. In the subsequent paragraph of the same subdivision of the will, however, she is singled out and specific directions are given that her portion is to be held and invested by the executors in trust for her benefit. Thus, unmistakably, is the intent of the testator recorded. It is a general rule of construction that a specific statement as to the thing specified overcomes a general or class statement, where the two cannot be harmonized.

It is said that the terms of the trusts imposed on the executors are too indefinite, and that it cannot be said who are the beneficiaries thereof, but the objection is not well taken. The testator relied upon the discretion of his sons whom he appointed trustees to invest the fund for the benefit of their sister and her children,

apparently leaving to their discretion the application of the proceeds, and it should not be presupposed that the confidence was misplaced. Should cause of complaint arise the courts are open to afford a remedy.

Again, it is urged that the bequest to Mrs. Hurst, where first defined in the tenth subdivision, is an absolute gift, and authorities are cited in support of the proposition that an absolute devise or bequest cannot be cut down by a subsequent proviso or condition. We think the authorities cited are not generally applicable to this case. The case of *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965, which is cited, certainly has no application. That will purported first to convey to the devisee an absolute estate in land, with full power of conveyance. A subsequent paragraph purported to dispose of the remnant of the estate, if any remained at the death of the devisee. The second paragraph was held to be in substance a remainder over, and to be void. The cases of *Williams v. McKinney*, 34 Kan. 514, 9 Pac. 265, and *Lohmuller v. Mosher*, 74 Kan. 751, 87 Pac. 1140, are more analogous to the case at bar.

Again, it is contended the court erred in ordering all the costs and attorneys' fees to be paid out of Mrs. Hurst's share of the estate. Section 5077 of the General Statutes of 1901 authorizes the trial court in this class of actions to tax and apportion the costs as in its discretion seems right and equitable. There seems, at least, to have been no abuse of discretion in this case. It appears by the pleadings and agreed statement of facts that none of the other beneficiaries was interested in the result of this action. The issue was between Mrs. Hurst and the trustee-executors: whether her share should be paid over to her by them, as executors, or should be retained by them as trustees and invested for the benefit of herself and her children.

The judgment is affirmed.

JOHNSTON, C. J., GREENE, BURCH, MASON, GRAVES, JJ., concurring.

PORTER, J. (dissenting) : I am unable to concur in the foregoing opinion. In the first provision of the will above quoted Mrs. Hurst is given an absolute interest, in clear and positive terms, and the money is directed to be paid to her. In the same paragraph the testator's intention is declared to be "so that each [child] shall receive an equal share and portion." The subsequent provision that her share is to be controlled and invested by the executors "for the sole use, benefit and support of my said daughter and her children, during her lifetime," and that in case of her death prior to her husband's death such share is to be held for the sole use and benefit of her husband and children, with remainder over to the children upon the death of her husband, is repugnant to the absolute bequest of the money to Mrs. Hurst by the former provision. The first gives an absolute interest with an uncontrolled power of disposition in the legatee; the second gives a life-estate, not in the whole, but in an indefinite and uncertain portion thereof. What part of the income the executors shall pay to Mrs. Hurst and what part to each of her nine children is left to conjecture. Is she entitled to a child's portion, one-tenth, or to one-half of this income?

In *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965, the first provision of the will bequeathed to the wife all the testator's estate, and a subsequent provision containing a direction inconsistent with the absolute interest was held void.

I am unable to see wherein the power of disposition by the first provision here is any the less uncontrolled than if an estate in fee simple in real estate had been devised by the first clause. Both provisions cannot stand, and one must yield to the other. The law favors the vesting of estates; and the rule that the intention must be gathered from the four corners of the will is of no importance when the testator has expressed two inconsistent and repugnant intentions. The opinion upholds an abortive attempt by a subsequent repug-

nant clause to limit and control an absolute estate already granted.

None of the testimony objected to was competent for any purpose. Much of it was introduced for the purpose of showing that Mrs. Hurst and her husband had not been as successful and prosperous as the other heirs and had been assisted by the testator. The will expressly enumerates the various amounts advanced to each heir and charges the heirs with the amounts respectively. The other testimony was hearsay. As there is no ambiguity in the will which testimony in reference to the circumstances of the parties or the state of the testator's mind could dispel or explain, the objections should have been sustained.