No. 18,731.

CARRIE MARY HAWKINS, *Appellant,* V. STINA HANSEN et al., *Appellees.*

#### SYLLABUS BY THE COURT.

1. WILLS—*Rules of Construction Stated and Applied.* The rules of construction applied to wills by this court in numerous cases recognize that each will must be construed by its own terms, and that where there is any ambiguity in the language the court must, as far as possible, put itself in the position of the testator, taking into consideration all the circumstances under which the will was executed, the condition of the testator's family and his estate, and from all the facts and circumstances find what his intention was. (*Safe Deposit Co. v. Stich,* 61 Kan. 474, 59 Pac. 1082; *Hurst v. Weaver,* 75 Kan. 758, 762, 90 Pac. 297.)

2. SAME—*Testator's Intention—Remainder Devised in Fee Conditionally.* Applying the same rules of construction to the present case, it is held that the testator's intention was to devise to his wife a life estate in certain lands, with remainder to Andrew Hansen, provided Andrew Hansen complied with certain provisions named in the will.

3. SAME—*Conditions Imposed by Testator Complied with.* Upon the facts stated in the opinion it is held that there was a substantial compliance with the conditions named in the will, and that the title to the real estate is in the heirs at law of the remainderman.

Appeal from Phillips district court; WILLIAM S. LANGMADE, judge. Opinion filed April 11, 1914. Affirmed.

*E. E. Sprague,* of Goodland, *F. W. Mahin,* and *I. M. Mahin,* both of Smith Center, for the appellant.

*R. Frank Stinson, William Kingery,* both of Phillipsburg, *E. S. Rice,* and *W. S. Rice,* both of Smith Center, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiff brought this suit to quiet her title to a quarter section of land in Phillips county. Her father, Christen Levisen, owned and lived on the land, with his family, as a homestead for many years prior to his death. He had been married twice; Stina Hansen, one of the defendants, is his daughter by the first marriage; the plaintiff is a daughter by the second marriage. Christen Levisen was a consumptive for many years prior to his death, and was confined to his bed a part of the time. His wife, too, was in feeble health. About three weeks before he died his daughter, Stina Hansen, and her husband, Andrew, came from Des Moines, Iowa, to live with the old people on the farm. Three days before his death Christen Levisen made his last will and testament, as follows:

"I, Christen Levisen, being of sound mind and memory, do by this instrument make, declare and publish my last will and testament: I hereby give bequeath and convey to my wife Annie Marai Levisen all my property both real and personal Real property being described as follows South west quarter Section Eleven Township two Range Sixteen west 6th P. M. in Phillips County Kansas Also Lot One block four in the town of Agra Phillips County Kansas. To each of my children I give will and bequeath the sum of Five dollars each in case death to be paid to their heirs. To Andrew Hansen my son in law who for some time past has been taking care of myself and wife I give will and bequeath After the death of myself and Annie Marie Levisen my wife all our property herein described After All lawful debts and bequests are paid Provided he shall take as he has heretofore taken good kind and loving care of us provided us with all necessaries of every kind and nature during the remainder of Our lives. All expenses incurred in the carrying out of this last provision to be paid out of the property herein named.

"I hereby constitute and appoint My wife Annie Marie Levisen the sole Executor without bond to be fully empowered to Carry out each and all provisions herein named.          CHRISTEN LEVISEN."

Hawkins v. Hansen.

The will was properly attested. After its probate Mrs. Levisen qualified as executrix and filed her election to take under the will.

At the time of Mr. Levisen's death the farm was worth about $1600. The total value of all his property was about $3500, which included $1200 in cash. The Hansens remained on the farm for a little more than ten years, taking care of Mrs. Levisen, and in all respects complied with the agreement and the conditions mentioned in the will until January, 1908, when Andrew Hansen died. Mrs. Levisen was then 72 years old and quite feeble; she refused to allow Stina Hansen to remain longer, and ordered her to leave the place and return to Iowa, claiming that she herself owned the land. About three weeks thereafter Stina Hansen went back to Iowa, and from that time never contributed anything to her support or care. Mrs. Levisen was taken to Oklahoma by her own daughter, the plaintiff, with whom she lived until her death, which occurred May 19, 1908, about three months after her removal to Oklahoma. Before her death she made a will bequeathing all her property to the plaintiff. The trial court found for the defendants, holding that the title of the land is in the heirs at law of Andrew Hansen, deceased, by virtue of the will of Christen Levisen. The plaintiff appeals.

The whole controversy is over the construction of the will of Christen Levisen. In support of the contention that by the will the wife took an absolute title in fee to the land, the plaintiff has cited more than one hundred decisions from other states and authorities from text-writers. These have not aided us materially. The rules of construction as applied to wills by this court in numerous cases recognize that each will must be construed by its own terms, and that where there is any ambiguity in the language the court must, as far as possible, put itself in the position of the testator, taking into consideration all the circumstances under

which the will was executed, the condition of the testator's family and his estate, and from all the facts and circumstances find what his intention was. (*Hurst v. Weaver*, 75 Kan. 758, 762, 90 Pac. 297; *Safe Deposit Co. v. Stich*, 61 Kan. 474, 59 Pac. 1082.)   The rules are very fully stated in the last case cited, and also in *McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965.   Both cases involved wills in which there were independent devises, and the problem was to find whether the testator intended to devise a fee absolute in real estate by the first clause, or whether there was an apparent intent to connect the first clause with a subsequent one limiting the first.   Applying the same rules of construction to the present case we have no difficulty in construing the will as did the trial court; and we hold that the testator's intention was to devise to his wife a life estate with remainder to Andrew Hansen, provided Andrew Hansen complied with certain conditions named in the will.   Otherwise we must give no force or effect whatever to the clause in which the testator declares the intention that, provided his son-in-law shall take kind and loving care of the testator and his wife, and furnish them with necessaries of every kind and nature during the remainder of their lives, then all the property described in the will should become his property. The circumstances under which the will was executed convince us that this was his intention, and that his wife fully concurred therein and was satisfied with the provision.   A short time before the Hansens came from Iowa the testator endeavored to make the same kind of a contract with one of his neighbors, who was a stranger to the family, and he offered to give him all his property on the same terms and conditions.   Mrs. Levisen elected to take under the will, and for more than ten years the Hansens lived with her on the place and took care of her.   This was a substantial compliance with the condition, in view of the fact that there was evidence from which the court might have

found, if special findings had been made, that after the death of Andrew Hansen Stina Hansen was willing to continue to provide, care for and support Mrs. Levisen during the remainder of Mrs. Levisen's life, and was only prevented from complying with the agreement by the refusal of Mrs. Levisen to live with her or to allow her to remain on the farm.   Mrs. Levisen lived less than three months after the death of Andrew Hansen. Nor do we think there is room for the contention that the condition was a personal one which only Andrew Hansen himself could fulfill.   His wife was the daughter of the testator, and manifestly the testator contemplated that the "kind and loving care" of himself and wife during the remainder of their lives should be furnished in part by his own daughter.

The language of the entire will, considered together with the circumstances and situation of the testator at the time it was executed, are sufficient to distinguish the present case from *McNutt v. McComb,* supra, and *Holt v. Wilson,* 82 Kan. 268, 108 Pac. 87, and kindred cases where a subsequent clause has been held to be repugnant to a former clause which in express language conveyed an estate in fee.   The fact that the heirs of Andrew Hansen have disposed of their interest in the land by some sort of a contract with a stranger can not be considered as in any wise affecting the proper construction of the terms of the will.

It follows that the judgment is affirmed.