FREDERICK D. WHITING *vs.* FLAVIA B. WHITING, Executrix.

February 14, 1890.

**Devise—Conditional Limitation.**—A will construed as a devise in fee, with a conditional limitation to the issue of the devisee in case of his death within 10 years of the decease of the devisor.

**Executory Devise.**—At common law, a fee could be limited on a fee in the nature of an executory devise.

Appeal by plaintiff from a judgment of the district court for Chisago county, *Crosby*, J., presiding, reversing a decree of the probate court, and assigning the estate of Erasmus D. Whiting, defendant's testator, to the persons adjudged entitled. The plaintiff claims under the following provisions of the will:

"*Seventh.* I give and bequeath unto Frederick D. Whiting, son of my said deceased brother John, all the live stock of every kind and all the personal property of whatever nature that I may have at the time of my decease upon my farm now occupied by the said Frederick D. Whiting, said farm being described as follows, to wit: The south

half of the south-west quarter and the south half of the south-east quarter of section 27, and the west half of the north-west quarter of section 34, all of township 34 and range 19, all to be his absolutely at the time of my decease. I also bequeath unto the said Frederick any and all products that may be growing upon said farm at the time of my death.

"I also devise and grant unto the said Frederick D. Whiting the above-described real estate or farm as aforesaid, and I hereby convey the said real estate or farm as aforesaid to my executrix, in trust for the said Frederick D. Whiting, to be the said Frederick D. Whiting's by proper conveyance in ten years after my decease, to be his and his heirs' absolutely; but the said Frederick D. Whiting is to have the use of the said real estate or farm aforesaid, and enjoy the same during the said ten years after my decease, before said conveyance to him is made, provided the said Frederick D. Whiting shall pay all taxes assessed upon said real estate or farm aforesaid, of whatever nature, and before penalties or costs are attached to said taxes.

"And in case of the death of said Frederick D. Whiting before the said ten years shall have expired, or previous to my own decease, then said real estate or farm and all of said stock and personal property, if his death shall occur after my decease, shall go to the issue of the said Frederick D. Whiting; and his wife, if living, shall have possession and use of said real estate or farm aforesaid and the control of the same and the live stock and personal property, for the benefit of the issue of the said Frederick D. Whiting, during and until the expiration of the said ten years."

*John B. & W. H. Sanborn,* for appellant. *H. N. Setzer,* for respondent.

MITCHELL, J. The only question on this appeal is, what estate did the appellant take in certain lands under the will of Erasmus D. Whiting? And this depends entirely upon the construction and legal effect to be given to the latter part of the seventh subdivision of the will. The testator has thrown together a number of provisions, evidently without any clear comprehension of their legal import; but the cardinal canon for the construction of wills is that the general intent of the testator overrides all mere technical and grammatical rules of construction. This intent is to be ascertained from a full view of everything within "the four corners of the instrument;" and even the transportation of sentences and limitations is allowable,

when necessary to express the clear intent and purpose of the testator. Applying these liberal but allowable rules of construction, it is not difficult to determine from this clause of the will the general purpose and intent of the devisor. It is manifest that he intended the entire beneficial interest in this land to go to the appellant and his issue; that the possession and use should go to appellant immediately on the testator's decease, and, if he survived the testator 10 years, the land should be his absolutely; but that if he died within the 10 years it should then go to his issue. The testator, in evident ignorance of the statute relating to uses and trusts, attempted to make his executrix trustee for the benefit of appellant during this 10 years, or such part of it as he should live, but this was passive under the statute. Gen. St. 1878, c. 43, § 3. Ignoring this attempted trust, and treating it as executed under the statute, the will, reduced to its lowest denomination, according to its legal effect amounts simply to a devise of the land to appellant in fee, with a conditional limitation in case of his death within the 10 years, upon the happening of which event his estate should terminate, and the land go to his issue. The rule in Shelley's Case having been abolished, the word "issue" is one of purchase, and not of limitation. Id. c. 45, § 28.

It is urged that this "remainder" to appellant's issue must fall for want of a particular estate to precede and support it, it being a rule of the common law that a fee could not be limited on a fee, and hence that the appellant took under the will an absolute estate in fee. The object of chapter 45 of our statutes evidently was to abolish the technical distinctions between contingent remainders, springing and secondary uses, and executory devises, and to bring all these various executory interests nearer together, and to resolve them into a few plain principles, and to render all expectant estates equally secure from being defeated by the subtle refinements of the common law, contrary to the intention of the grantor or devisor. And, notwithstanding some differences between our statute, notably in section 24, and that of New York, from which it was originally borrowed, we do not see why a remainder may not now be limited after a fee. But, whatever may be the rule as to "remainders," properly

so called, created by conveyance, even at common law, in a will a fee could be limited on a fee by way of executory devise. It was always competent to create by devise an estate in one and his heirs, and yet so limit it that upon the happening of some condition or contingent event his estate should cease, and go to another. An executory devise differed from a remainder, among other things, in that it did not need any particular estate to precede and support it, and that it might be limited after a fee. 2 Washb. Real Prop. (5th Ed.) 590; 4 Kent. Comm. 269. This construction of the will does not render it repugnant to the statute against perpetuities, for the power of alienation would not be suspended beyond the life of appellant; for, in case of his death within the 10 years, the *fee* will pass to his issue, even admitting that under the last clause of this subdivision the possession would go to appellant's widow, in trust for his issue, for the remainder of the 10 years.

The form of the decree appealed from is objectionable for the reason that it merely follows, without construing, the will, and leaves the appellant's estate as doubtful as does the will; but this objection is not urged.

Judgment affirmed.