## J. P. DARST et al.

### v.

## EZRA F. SWEARINGEN.

*Opinion filed December 22, 1906.*

1. WILLS—*character of devise cannot be changed without con-currence of all devisees.* While a devise of land which by the direction of the will is to be converted into money and the proceeds distributed is to be treated as a devise of money, yet the devisees may elect to take the land itself, provided they all concur in such election.

2. SAME—*when rule that devise is void which gives same estate as would pass by descent does not apply.* The rule that a devise which passes the same estate as would be taken by descent is void does not apply to a will devising all the property of the testator to his wife for life, the same to be sold after her death and the proceeds distributed equally among the testator's children, who were his only heirs-at-law.

3. SAME—*when interest of devisee is not subject to levy and sale.* Under a will devising all of the testator's property to his wife for life and directing the same to be sold at her death and the proceeds distributed equally among his children, a child takes no vested interest at the death of the testator but only a right to money when the land is sold; and the interest of such child cannot be levied upon and sold during the widow's lifetime, there being no election by all the children to take the land itself, instead of the money.

APPEAL from the Circuit Court of Woodford county; the Hon. G. W. PATTON, Judge, presiding.

W. W. HAMMOND, and H. V. FOSTER, for appellants:

A devise giving precisely the same estate and interest the devisee would have taken by descent is void, for the reason that title by descent is regarded as a worthier and better title. *Kellett* v. *Shepard,* 139 Ill. 433; 3 Washburn on Real Prop. 699; *Waller* v. *Martin,* 82 Am. St. Rep. 882; *Ellis* v. *Page,* 7 Cush. 161; 4 Kent's Com. 506, 507.

The test which determines whether the particular devise under consideration comes within this rule of law is to strike

out of the will the particular devise to the heir, and if then, without that, he would take by descent exactly the same estate which the devise purports to give, he is in by descent. 4 Kent's Com. 506, 507; *Kellett* v. *Shepard,* 139 Ill. 433.

If the direction is to sell and divide the proceeds among children, not in the proportions in which they would inherit under the Statute of Descent, but in amounts or in proportions as fixed upon and specified in the will, then an equitable conversion is effected. *Lash* v. *Lash,* 209 Ill. 595; *Baker* v. *Copenbarger,* 15 id. 103; *Dorsey* v. *Dodson,* 203 id. 32.

Where the legal heir is named as the beneficiary of the residue no equitable conversion will be presumed, although property is willed to trustees with directions to sell real estate and divide the proceeds. The heir takes a vested estate in realty, which descends to his heirs upon his death. *Schofield* v. *Olcott,* 120 Ill. 362.

The doctrine of equitable conversion cannot be invoked by appellee. It is an equitable remedy, to be applied only when necessary to carry out the intention of the testator when by law it would be defeated. It cannot be invoked for a useless thing. *Dorsey* v. *Dodson,* 203 Ill. 32.

LILLARD & WILLIAMS, for appellee:

The doctrine of equitable conversion, as contended for and applied here, has prevailed in Illinois from the earliest times. *Baker* v. *Copenbarger,* 15 Ill. 103; *Jennings* v. *Smith,* 29 id. 116; *Rankin* v. *Rankin,* 36 id. 293; *Germain* v. *Baltes,* 113 id. 29.

A purchaser at a sheriff's sale of the interest of one of the devisees, in such case is not entitled to receive that portion of the money produced by the sale of the land to which the devisee was entitled under the will. The devisee has no interest in the land which can be levied upon on execution. *Baker* v. *Copenbarger,* 15 Ill. 103; *Robison* v. *Botkin,* 181 id. 182.

Devisees may elect to take the land itself instead of money, but the character of the devise cannot be changed from money to land without the concurrence of all of the devisees. *Ridgeway* v. *Underwood,* 67 Ill. 410; *Nicoll* v. *Scott,* 99 id. 529; *Robison* v. *Botkin,* 181 id. 182; *Starr* v. *Willoughby,* 218 id. 485.

The clear intention of the testator, shown from the entire will, to postpone the vesting of an estate until the period of distribution, must be carried out, notwithstanding the fact that the law favors the vesting of estates. *Starr* v. *Willoughby,* 218 Ill. 485.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On July 12, 1882, Joseph B. McCorkle died testate. The fourth clause of his will was as follows:

"I give and bequeath to my wife, Cynthia Ann McCorkle, my homestead or home place, with all its appurtenances thereunto belonging, and all the land described as belonging to me in sections 18 and 19, Tp. 26, N. R. 1 W. 3d P. M., Olio Tp., Woodford county, Illinois, to have and to hold during her natural lifetime, and within two years after her death the above described homestead and lands I will to be sold and the proceeds to be equally divided between my six children, viz.: Maria Josephine Poynter, Richard Henry McCorkle, Orpha Jane Hedrick, Eunice Adele McCorkle, Missouri (or Zuie) Amanda McCorkle, Cyrus Byron McCorkle."

The widow and six children named in this clause were testator's sole heirs-at-law. The will was admitted to probate by the county court of Woodford county on August 10, 1882, but the executor named therein failed to qualify. The widow occupied the homestead until her death, on August 16, 1905.

On June 15, 1900, Orpha Jane Hedrick, a daughter, in consideration of $1200, assigned to appellee, Ezra F. Swearingen, her estate in all moneys derived from the sale of the

real estate described in the fourth clause. On April 4, 1897, J. P. Darst, L. C. Darst and G. W. Darst, partners doing business as J. P. Darst & Co., obtained a judgment in the circuit court of Woodford county against Orpha J. Hedrick and others. An execution was issued and levied upon the share of Orpha Jane Hedrick in the real estate above described and the same was sold by the sheriff in satisfaction thereof. No redemption was made from this sale, and on June 26, 1905, the sheriff issued a deed conveying said interest to appellants, J. P. Darst & Co. On December 8, 1905, appellee, Ezra F. Swearingen, filed his bill in the circuit court of Woodford county against J. P. Darst & Co. and the six children of Joseph B. McCorkle, in which he alleged the above facts; also that no title was vested in Orpha Jane Hedrick at the time of said judgment, levy and sale; that the time had arrived when said homestead property should be sold and the proceeds divided, and that the sheriff's deed was void and a cloud upon complainant's title. The prayer of the bill was, that a trustee should be appointed to sell said real estate; that the sheriff's levy, sale and deed be set aside, and that the master in chancery be directed to sell the property and distribute the proceeds, giving to appellee, Swearingen, the share of Orpha Jane Hedrick. A demurrer to the bill was filed by J. P. Darst & Co., which was overruled, and they electing to stand by their demurrer, a decree was entered in accordance with the prayer of the bill. From that decree this appeal is prosecuted.

The only question for our determination is whether Orpha Jane Hedrick took, under the fourth clause of the will, real estate or personal property. On behalf of appellants it is claimed that she took real estate subject to levy and sale by judgment creditors; on the other hand, appellee contends that it became personal property under the will, and that the title to the same, as realty, did not vest in her.

We have held in a great many cases that a devise of real estate which by the provisions of a will is to be converted

into money and the money distributed among the devisees is to be treated as a devise of money and not of land, and that the devisees may elect to take the land itself instead of the money. The character of the devise cannot, however, in such case be changed from money to land without the concurrence of all of the devisees. This doctrine was first decided in the early case of *Baker* v. *Copenbarger,* 15 Ill. 103, and has been followed in numerous subsequent cases, among which are *Ebey* v. *Adams,* 135 Ill. 80, *English* v. *Cooper,* 183 id. 203, and *Starr* v. *Willoughby,* 218 id. 485.

But it is claimed by appellants that there is a distinction between cases where the direction is to sell and divide the proceeds among a class of persons other than the testator's heirs or in different proportions from the statutory inheritance, and cases where the heirs of the testator are the beneficiaries in the same proportions they would take by descent, and they insist this case falls within the latter class. There can be no question but the distinction insisted upon exists; that a devise giving precisely the same estate and interest in property as the devisee would take by descent if the devise had not been made is void, for the reason that a title by descent is regarded as a worthier and better title than a title by purchase. (*Kellett* v. *Shepard,* 139 Ill. 433.) But this rule is not applicable where there is a difference in kind or quality of the estate or property to be passed under the devise from that which would descend under the statute. Where there is a difference in either the amount or quality of the interest taken the rule is not applicable. Had Joseph McCorkle died intestate his widow would have taken homestead and dower in the lands in question, and the six children would have taken, at the moment of his death, the intestate lands as real estate, subject to the widow's dower and homestead. The title would immediately have vested in them and been subject to levy and sale on an execution of a judgment creditor. By the terms of this will the homestead of the widow was merged in other property without

assignment of homestead and in lieu of dower. Both the homestead and dower rights of the widow were thrown together. Her property, therefore, as it descended under the will, was entirely different from what it would have been if she had taken under the statute. The six children, instead of inheriting the land subject to the assignment of dower and homestead, as provided by the statute, took no vested estate at the death of their father, but only a right to money when the land should be sold within the two years after the death of the widow. It will readily be seen, therefore, that there was a marked difference between the title given under the will and that which would have been derived under the statute, and therefore the case does not fall within the rule sought to be invoked by appellants.

The interest of Orpha Jane Hedrick under her father's will was a money interest, and not real estate. The levy and sale were therefore void.

We find no reversible error, and the decree of the circuit court will be affirmed.    *Decree affirmed.*