(March 29, 1912.)

## RALPH EARL JONES and OTTO MURL JONES, Executors of the Estate of WILLIAM JONES, Deceased, Respondents, v. JOHN B. BROADBENT, Appellant.

[123 Pac. 476.]

CONSTRUCTION OF WILL—EXECUTORS — POWER TO SELL REAL ESTATE—TRUSTEES—TRUST RELATIONS—MARKETABLE TITLE—DISTRIBUTION.

(Syllabus by the court.)

1. The cardinal rule of construction of a will is to ascertain the testator's intent, and such intent is to be ascertained from a full view of everything within the instrument.

2. Where the executors of a will are appointed such by its terms and are also thus appointed trustees of a certain portion of said estate, their duties as executors and trustees are separate, distinct and independent of each other, and until the estate is settled or distributed in whole or part and the executors are discharged, their duties as executors continue as to the part of the estate not distributed, and they do not assume the duties of trustees as to the part not distributed.

3. Under the provisions of said will and the law, it was the duty of the executors to collect outstanding accounts in favor of the estate and pay all indebtedness of the estate, and until that was done no distribution of the entire estate could be made; and if in the performance of these duties it was necessary to sell the

whole or a part of such estate to pay the indebtedness, the executors had authority to sell and convey a good, marketable title to such property upon confirmation by the probate court.

4. The trustees as such would have no authority to meddle or interfere with the due administration of said estate until such administration had been completed or distribution made.

5. When the same person had been appointed by will to perform some dual duty, such as executor and trustee, in respect to the property of an estate, no service is demanded of him as trustee until he has performed his executorial obligations.

6. A testamentary trustee is not entitled to take possession of and hold the property of the estate for the purpose of trust until the estate has been settled or distribution made.

7. *Held,* so far as this proceeding is concerned, the power of sale conferred upon the executors was not given them as trustees and it terminated with their discharge as executors.

8. Where trust duties are imposed upon testamentary trustees who are also devisees and legatees as well as executors under the will, such executors cannot act as trustees until there has been a distribution to them of the trust estate.

9. *Held,* that the executors upon confirmation by the probate court had full authority to sell and convey a good, marketable title to the real estate described in the complaint.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

An action to enforce the specific performance of a contract for the sale of real estate. Judgment for the plaintiffs. *Affirmed.*

Henry Z. Johnson, for Appellant.

Where trust duties were imposed upon testamentary trustees who were also devisees and legatees as well as executors under the will, such executors could not act as trustees until there had been a distribution to them of the trust estate as trustees, and they themselves discharged of their executorial duties. (*In re Higgins' Estate,* 15 Mont. 474, 39 Pac. 506, 28 L. R. A. 116; *Joy v. Elton,* 9 N. D. 428, 83 N. W. 875; 2 Church's New Prob. Law & Prac., pp. 1442–1445, citing authorities.)

In construing the provisions of a will to ascertain the meaning of a testator, the cardinal rule of construction is, What was the testator's intent? (*Wilson v. Linder*, 18 Ida. 446, 138 Am. St. 213, 110 Pac. 274.)

A. A. Fraser, for Respondents.

The main question in this case is, What was the intention of the testator at the time the will was executed? If it was his intention that the executors should have full power to sell and dispose of any part of the estate and give a good title thereto, notwithstanding the fact that a part of the estate was to be held in trust for one of his sons, then the court will carry out such intention. (Page on Wills, sec. 461.)

Where the same persons are named in a will as executors, and also as trustees, their duties as trustees do not commence until their duties as executors cease. (*In re Higgins' Estate*, 15 Mont. 474, 39 Pac. 506, 28 L. R. A. 116; *Goad v. Montgomery*, 119 Cal. 552, 63 Am. St. 145, 51 Pac. 681; *Dougherty v. Bartlett*, 100 Cal. 496, 35 Pac. 431; *In re Roach's Estate*, 50 Or. 179, 92 Pac. 118.)

SULLIVAN, J.—This suit was brought to enforce the specific performance of a contract for the sale of real estate. It appears from the allegations of the complaint that one William Jones died in Boise City about the 2d of October, 1910, and at the date of his death was possessed of certain real estate situated in Boise City; that said Jones left a will wherein it was provided that two of his sons, who are the plaintiffs here, should be appointed executors of the estate of the deceased; that by the terms of said will the power was granted to the said executors to sell and dispose of any part or the whole of the estate of said deceased at public or private sale and to execute and deliver all deeds, instruments of transfer and other writings necessary to pass the proper title thereto; that said will was admitted to probate by the probate court of Ada county; that in the administration of said estate the said executors on the 15th day of November, 1911, entered into an agreement or contract with the appellant wherein and

whereby it was agreed that the plaintiffs would sell to the defendant a certain lot or parcel of land situated in Boise City and convey to the appellant by a good and marketable title said piece or parcel of land for the sum of $20,000; that said appellant agreed to purchase said lot and pay that sum therefor; that after entering into said contract the said executors petitioned said probate court for a confirmation of said sale and after due and legal notice of the time and place of hearing such application, the sale was confirmed, there being no objections to such confirmation; that said probate court on January 16, 1912, made and entered an order confirming said sale to the appellant, and thereafter on the 18th day of January, 1912, the said executors tendered to the defendant a good and sufficient deed conveying to him a good, marketable title to said land, but that said defendant then and there refused to accept the same and refused to pay the amount of the purchase price therefor. The executors demanded judgment that the defendant perform his said agreement and be required to pay said sum of $20,000 to said executors.

The appellant demurred to said complaint on several grounds and raised the question as to whether or not said executors could sell said lot and convey a good, marketable title thereto. Said demurrer was overruled and the appellant refused to plead further and judgment was entered in favor of the plaintiffs as prayed for in the complaint. This appeal is from that judgment.

Four questions are raised by the demurrer and presented on this appeal, all of which will be answered by answering the question whether said executors have full power and authority to sell and give a good, marketable title to said real estate.

Under the provisions of said will the testator left to his wife that portion only of his estate which was not subject to testamentary disposition by himself and to which she was entitled by the laws of this state. The third subdivision of said will is as follows:

"Third, All the residue of my estate, whether consisting of real or personal property, and wherever located, I desire to be divided into four equal parts; one-fourth thereof I give and bequeath to my son, Ralph Earl Jones; one-fourth thereof to my son, Otto Murl Jones; one-fourth thereof to my son, Delbert Emerick Jones; one-fourth thereof I bequeath unto my sons, Ralph Earl Jones and Otto Murl Jones, in trust and upon trust, to invest the same for the use and benefit of my son, DeForrest W. Jones, and upon trust during the residue of the life of my son, DeForrest W. Jones, and that my trustees shall pay the income of the trust fund hereby created to my said son, DeForrest W. Jones, and permit him to receive the same during his life, and the said trustees in their discretion may, from time to time during the life of my son, DeForrest W. Jones, pay all or any part of the income of the said trust fund and the investments thereof, or if they shall from time to time think fit, any part of the capital thereof unto my said son, or at their absolute discretion, to apply the same for the maintenance and personal support of my said son in such proportions and in such manner as my said trustees shall in their absolute discretion, from time to time think proper."

It appears from the provisions of said will and the record before us that plaintiffs have two offices imposed upon them by said will, namely, that of executors of said will and that of trustees, and the question directly raised in this case is at what period of time do they cease to act as executors and their duties as trustees begin.

This court held in *Wilson v. Linder*, 18 Ida. 446, 138 Am. St. 213, 110 Pac. 274, that in construing the provisions of a will to ascertain the meaning of a testator, the cardinal rule of construction is to ascertain the testator's intent, and the court there said: "This intent is to be ascertained from a full view of everything within the four corners of the instrument." It is clear under the law and the provisions of said will that the executors were empowered, if they deemed it advisable, to sell the whole or any part of said estate at public or private sale. The duties of plaintiffs as executors and

trustees are separate, distinct and independent of each other, and until the executors are discharged and they assume the duties of trustees, their powers and duties as executors continue. (See *Bellinger v. Thompson,* 26 Or. 320, 37 Pac. 714, 40 Pac. 229, and authorities there cited; *In re Roach's Estate,* 50 Or. 179, 92 Pac. 118; 18 Cyc. 1112.) Of course, if during the administration a partial distribution is made, the executors should be discharged as to such part and could then act as trustees. It was the duty of the executors under said will to settle said estate, to collect outstanding accounts and pay all indebtedness of the estate, and until that was done no distribution, or at least only a partial distribution, of said estate could be made, and if it required the sale of the whole or any part of said estate to pay the indebtedness, the executors under the provisions of said will and under the law were fully authorized to sell and convey the same upon proper confirmation by the probate court. Before distribution they held possession of all property of said estate as executors— not as trustees—and they as trustees would have no authority to meddle or interfere with the due administration of said estate until such administration had been completed and until they had been discharged as executors, or until a partial distribution has been made. When the same person has been appointed by will to perform some dual duty, such as executor and trustee, in respect to the property of the estate, no service is demanded of him as trustee until he has performed his executorial obligations and distribution is made. (*In re Roach's Estate, supra.*)

In *Prindle v. Holcomb,* 45 Conn. 111, it was held that the probate records should show that an executor's account had been settled, before a testamentary trustee was entitled to take and hold the property of the estate for the purpose of the trust.

In the case of *Goad v. Montgomery,* 119 Cal. 552, 63 Am. St. 145, 51 Pac. 681, the court said:

"Although the persons named in the will as its executors are the same as those to whom the testator directed the property to be distributed in trust for his children, yet the power

of sale conferred upon the executors was not given by him to them as trustees, but terminated with their discharge as executors.   The fact that the two offices are held successively by the same individuals does not give to them in the exercise of one office the power that had been conferred for the exercise of the other.   Their rights and duties as executors were quite distinct from the duties imposed upon them as trustees, and their powers and duties as trustees did not begin until, as executors, they had ceased to have any control over the property; and, as above seen, the decree of distribution is alone to be considered for the purpose of ascertaining their powers. The testator may have been willing to give this power of sale to his executors, since he knew that every sale by them must be confirmed by the court before the title to the land would pass from his estate, while he might have been unwilling to vest the same persons with a power whose exercise would be without such supervision and control.''

In *In re Higgins' Estate,* 15 Mont. 474, 39 Pac. 506, 28 L. R. A. 116, the supreme court of Montana had under consideration the precise question involved in this case, and the court there held that where trust duties were imposed upon testamentary trustees who were also devisees and legatees as well as executors under the will, such executors could not act as trustees until there had been a distribution to them of the trust estate as trustees, and they themselves discharged of their executorial duties.   In the complaint in the case at bar, it appears there has been no distribution of the estate and no discharge of plaintiffs as executors, and they are still acting as such and none of the property of said estate has been turned over to them as trustees.

We think it clear upon authority and the facts as presented by the record that said executors had full power and authority under the provisions of said will and the law to sell the real estate involved in this suit and, upon confirmation of said sale by the probate court, can convey a good, marketable title to said real estate.   In case it required the sale of all of said estate to pay the debts of the deceased, the executors, under the authority of the probate court, had full power to sell the

same and convey a good, marketable title thereto, and that is as far as we need to go in this matter, as it was conceded on the oral argument that the indebtedness of the estate was more than $20,000, the consideration for which said real estate was sold.

Under the law and upon the facts as shown by the record, the executors had full power and authority to sell said real estate and to convey a good, marketable title thereto under such sale. Therefore the judgment of the trial court must be affirmed and it is so ordered. Costs are awarded to the respondents.

Stewart, C. J., and Ailshie, J., concur.