**BRAUNS v. AILSHIE et al.**
**No. 1245.**

District Court, D. Idaho, Central Division.
Dec. 19, 1933.

Chase A. Clark, of Idaho Falls, Idaho, for plaintiff.

Hawley & Worthwine, of Boise, Idaho, for W. R. and Ruby McDowell.

James F. Ailshie, of Cœur d'Alene, Idaho, and A. S. Hardy, of Grangeville, Idaho, for defendants J. F. and Lucile Ailshie and A. S. and Jane Doe Hardy and Warren Creek Dredging Co.

CAVANAH, District Judge.

This is a suit to quiet title to a mining claim, and, to determine its character for the purpose of jurisdiction, recourse must be had to the allegations of the complaint, and for that purpose may be summed up as stating that in July, 1928, James A. Long died testate, leaving a will in which he directed that his mining property situate in Idaho be sold for not less than $15,000, of which $5,000 to be paid to certain legatees, and the remainder to go to T. A. Long. Of the bequests of $5,000, plaintiff was to receive $3,000. The bequests were to be paid after the debts of the testator and expenses of administration were paid. The will was admitted to probate. T. A. Long has assigned his interest in the estate to the plaintiff. The plaintiff is a citizen and resident of the state of California, and all of the defendants are citizens and residents of Idaho, excepting the defendant Warren Creek Dredging Company, who is organized under the laws of Nevada. The amount claimed by the plaintiff in controversy exceeds the value of $3,000, exclusive of interest and costs.

The motions of the defendants to dismiss present the same grounds, excepting the motion of the defendant Warren Creek Dredging Company, which urges that the court has not jurisdiction, for the reason that the plaintiff is a citizen and resident of California, and it is a citizen and resident of Nevada, and therefore a diversity of citizenship does not exist.

The complaint, fairly considered, shows that the amount and value claimed by the plaintiff exceeds $3,000, exclusive of interest and costs, which satisfies the statute as to requisite amount in controversy to give the court jurisdiction; that the alleged title of plaintiff rests upon the will of James A. Long, which is made a part of the complaint, and from it the testator expressed his intention not to give or grant any title in the mining property to any one, but directed that the property be sold and out of the proceeds his debts and expenses of administration be first paid and then the bequests and whatever remained to go to T. A. Long.

The legatees under the will took nothing more than money bequests and not title to the realty. Therefore, under the statute of the state, they are neither "heirs nor devisees" which confess the right to "maintain an action for the possession of the real estate or for the purpose of quieting title to the same," upon "heirs or devisees." Section 15-410, I. C. A. The statute does not include legatees who take personal property under the will. The interest the plaintiff has under the will is as a legatee for $3,000, and an assignee of a legacy of the remainder, if any, of the proceeds after the sale of the real property. The legacy of the plaintiff of $3,000 and the assignment of T. A. Long to her of the remainder of the fund after sale of the realty are funds or choses in action, and fall within the principle of law that, where a testator directs his real property to be sold

and the proceeds distributed among certain persons, no interest in the real property passes to the legatees, as they acquire under the will nothing more than a right to receive a sum of money out of the proceeds of the sale, and does not vest them with any estate or freehold in the real property. Such provision in the will for the sale of the real property and distribution of the proceeds is effective only to work a conversion of the real property into personalty. It is a claim of a personal character, and a chose in action appears. Compare 2 Alexander on Wills, § 807; Lambert v. Morgan, 110 Md. 1, 72 A. 407, 132 Am. St. Rep. 412, 17 Ann. Cas. 439; Griffith v. Witten, 252 Mo. 627, 161 S. W. 708; In re Pforr's Estate, 144 Cal. 121, 77 P. 825; Darst et al. v. Swearingen, 224 Ill. 229, 79 N. E. 635, 115 Am. St. Rep. 152. The executor under such a provision in the will becomes a trustee of the property, and as such was charged with the unconditional duty to sell the fee-simple title to the real property. By implication of law he acquired by the will such estate in the real property as was necessary to enable him to convey it, and the doctrine of equitable conversion of real property into personal will apply. Backesto's Estate, 63 Cal. App. 265, 218 P. 597; Lash v. Lash et al., 209 Ill. 595, 70 N. E. 1049; Bedford v. Bedford, 110 Tenn. 204, 75 S. W. 1017; Matter of Taft's Will, 144 Misc. 896, 259 N. Y. S. 887; Dodge et al. v. Williams et al., 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103. But the plaintiff insists that, as the freehold remains in the heirs until sale of the real property, they have a right as such to bring the action. That would be true had the will devised the real property to the heirs and not ordered that it be sold and the proceeds be distributed to certain persons, which places them only as legatees of money bequests under the will. They are not heirs in whom title to an estate vests under the succession statute. The testator intercepted the statute of devolution by making a will, and provided for conversion of his estate into cash. The conversion took place upon the death of the testator, and the bequests are obligations or claims against the estate. The executor under the will, where the property is directed to be sold, is authorized under the Idaho statute and decisions of the Supreme Court of the state to sell the real property without notice and order of the court. Section 15-730, I. C. A.; Jones v. Broadbent, 21 Idaho, 555, 123 P. 476; In re Backesto's Estate, supra.

As the plaintiff has not acquired title to the real property involved in the present action either in her own right or by the assignment from T. A. Long under the will, she cannot invoke the jurisdiction of the federal court, and her action is also within the provisions of section 24 of the Judicial Code (28 USCA § 41), governing suits by assignees, which denies jurisdiction of the District Courts of the United States when a suit is brought therein " * * * to recover upon any promissory note or other chose in action in favor of any assignee."

In respect to the contention of the defendant Warren Creek Dredging Company that as neither it nor the plaintiff are citizens and residents of Idaho, the court has not jurisdiction of it under its objections as to venue, it seems clear under subdivision (a), § 112, title 28 USCA, providing that, "where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant," the contention should be sustained.

The motions to dismiss of the defendants will be sustained.