(No. 28348.—

JESSIE LOUISE WYLIE MCNEILLY *et al.*, Appellants, *vs.*
ALICE V. WYLIE *et al.*, Appellees.

*Opinion filed January 17, 1945—Rehearing denied March 19, 1945.*

CARR, CARR & CARR, of Ottawa, for appellants.

JAMES EUGENE MALONE, of La Salle, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a decree of the circuit court of La Salle county entered in a partition suit. The real estate involved was owned by Jane Allison Wylie at the time of her death. The controversy is between those persons who are her heirs-at-law. Plaintiffs are the children and only heirs-at-law of John Wylie, a brother of testatrix, who predeceased her. Defendants are children and grandchildren of Alexander Wylie, another brother of testatrix, who predeceased her. Defendants are the only heirs-at-law of Alexander Wylie and all parties are the only heirs of Jane Allison Wylie.

A will, which was executed after Alexander died but before John's death, made provision for certain small bequests, and in the sixth clause directed that the rest and residue, both real and personal, should be divided into two equal parts. One of said parts was devised to John Wylie, the other was devised to those persons who were the heirs-at-law of Alexander Wylie. If testatrix had died intestate at the time the will was executed, the beneficiaries under the sixth clause would have taken the same estates as heirs-at-law under the Statute of Descent that they would have received as beneficiaries under the will, that is, John Wylie would have inherited one half and the other beneficiaries would have taken the other half by representation by being the only heirs of Alexander Wylie, deceased.

Plaintiffs seek to apply the doctrine of worthier title, which, if applied, would make all the residue referred to in the sixth clause of the will pass as intestate property according to the Statute of Descent. Defendants contend the worthier title doctrine has no application and that they take the half of the residue as beneficiaries in the will and participate in the other half as heirs-at-law of testatrix, taking it under the Statute of Descent as intestate property. The decree appealed from fixes the interest in accordance with defendants' theory.

The purpose for the application of the doctrine of worthier title at common law finds no support in our law. It had its origin under the feudal. system, where land was held under a tenure from which flowed benefits in favor of the overlord. Among such benefits were those of wardship and relief which would not be available if the grantor's title were passed to his heirs under an *inter vivos* conveyance. In order to preserve those benefits a rule was developed that no alienation *inter vivos* could be effected to the heirs of the grantor. Therefore, the title that heirs could take from their ancestor could only be taken by inheritance. A title thus acquired was considered a "worthier title." (Burby on Real Property, p. 459.) It was abolished by statute in England in 1833 but is often applied in this country more as a rule of construction.

The rule in this State is that a devise which gives precisely the same estate and interest in property as the devisee would take by descent, if the devise had not been made, is inoperative to pass the title, for the reason that a title by descent is regarded as a worthier or better title than one obtained by devise or purchase. (*Rossiter* v. *Soper,* 384 Ill. 47; *Cooper* v. *Martin,* 308 Ill. 224; *Wiltfang* v. *Dirksen,* 295 Ill. 362; *Darst* v. *Swearingen,* 224 Ill. 229; *Akers* v. *Clark,* 184 Ill. 136; *Kellett* v. *Shepard,* 139 Ill. 433.) But this rule is not applicable where there is a difference in kind or quality of the estate or property to be passed under the devise from that which would descend under the statute. If there is a difference in either the amount or quality of the interest taken, the rule is not applicable. *Darst* v. *Swearingen,* 224 Ill. 229.

If Jane Allison Wylie had died intestate, her property would have descended one half to the heirs of her brother John and the other half to the heirs of her brother Alexander. The will as drawn would have called for an application of the worthier title rule as to the whole title if John had survived·testatrix, but the will speaks as of the date

of death of testatrix and not at the time it was executed. (*McCormick* v. *Hall,* 337 Ill. 232.) John having predeceased testatrix, the devise of one half of the residue to him lapsed and passed according to the Statute of Descent as intestate property. Plaintiffs and defendants take such half as heirs-at-law and not by any provisions of the will. The other half is devised by the will to defendants, and plaintiffs have no interest in such half. Under such circumstances the worthier title doctrine has no application as between plaintiffs and defendants.

Plaintiffs speak of the worthier title rule as rendering the whole will void. In proper cases where it may be applied, the application of the rule only renders the particular devise inoperative. It has no effect upon other provisions of the will. An examination of the cases where it has been applied will reveal that its application has been so limited.

The decree was correct and is affirmed.

*Decree affirmed.*