ALTEN ET AL., APPELLEES, *v.* BARNECUT ET AL., APPELLANTS; ET AL., APPELLEE.*

(No. 307—Decided April 4, 1959.)

*Motion to certify the record overruled, July 1, 1959.

Mr. *Abram Cunix,* for plaintiff-appellees.

Mr. *Judson C. Kistler,* for appellants.

Messrs. *Hite & Hite* and Mr. *H. Wilfred Keller,* for defendant-appellee.

PUTNAM, P. J. This was an original action in the Common Pleas Court for a declaratory judgment and to determine heirship by reason of the will of Joseph T. Alten who devised property to his wife in fee simple, and, she having died within thirty days of his death and having herself made a will within the thirty-day period devising the property to her relatives, the question arose under Section 2105.21, Revised Code, as to whether her will controlled the devolution of the property. The Common Pleas Court held that it did not and that Section 2105.21, Revised Code, controlled and that the property passed as though Joseph T. Alten had survived his wife.

We are in accord with the conclusion reached by the court below and what was said by Judge Holtsberry (sitting by assignment) in his opinion and might well affirm that judgment thereon except that we deem it proper to emphasize certain points and clarify others.

The last paragraph of Section 2105.21, Revised Code, provides:

"This *section* shall not apply in the case of *wills* wherein provision has been made for distribution of property *different from the provisions of this section.* In such case such provision of the *will* shall not prevail over the right of election of a surviving spouse." (Emphasis added.)

The above paragraph is the part of the section from which the chief arguments of the appellants are made. At first reading, that part of Section 2105.21, Revised Code, seems to present difficulties, but upon reflection they are more apparent than real. The first question is: What does the phrase, "different from the provisions of this *section,*" mean? It uses the word, "section," not "chapter." The word, "chapter," would mean the chapter on descent and distribution; that is all of Chapter 2105, Revised Code. Since the word, "section," is used, it simply means that section as applied to this case, "when the surviving spouse or other heir at law, legatee or devisee dies within thirty

days after the death of the decedent, the estate of such first decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee.''

Now in order that the last paragraph of Section 2105.21, Revised Code, above quoted, comes into being and operation, the will must say specifically or in unmistakable language that the devisee or legatee shall take under the will even though he or she does not survive the testator for a period of thirty days. That is the meaning of ''different from the provisions of this section.''

This interpretation of the section was in effect made in the case of *Weir, Exr.*, v. *Weir*, 102 Ohio App., 231, 139 N. E. (2d), 361. At page 232 thereof the court defined the issue presented in the case as:

''Does the will of George J. Weir make provision for distribution of property different from the provisions of Section 2105.21, Revised Code.''

In that case the will provided: ''All the rest of my property * * * I give, devise and bequeath to my beloved wife Edna Weir to be hers absolutely.''

In disposing of this question the court stated at page 235:

''To provide for a distribution different from the statute, it is required that the testator provide that the surviving spouse, other heir at law, legatee or devisee, even though dying within 30 days of the death of the decedent, shall, nevertheless, take and benefit under the will or use appropriate language to show an intent to permit distribution in their estates either by will or law of descent and distribution.

''No such language or intent is contained in item V of the will of George J. Weir.''

This pronouncement is in the face of the absolute gift of the property to the spouse in the will. In view of what we have said, the *Weir case* cannot be distinguished on the ground that there was a gift over to testator's brother. The decisive factor is that the provisions of this section are not specifically eliminated by the words of the will.

Appellant makes the argument that the term, ''wills,'' in the last paragraph of this section applies both to the will of the testator and to that of the surviving spouse, and, consequently,

(1) that it restricts the general power to dispose of property by will as given in Section 2107.02, Revised Code, if it cannot be applied to the surviving spouse's will and (2) that this term, being in the plural, must have been intended to apply to both wills. As to the first contention we hold that it has no such meaning or implication. The surviving spouse can still make a will of any property which she or he has. This section simply says that he or she does not have any property right in property devised to him or her if she dies within thirty days of the original testator. Consequently, the surviving spouse not having any property right therein, the will, although valid as a will, cannot include property not possessed. As to contention No. 2, it is to be noted that in this portion of the section the term, "will," is used both in the singular and in the plural, and we think there can be no doubt that it is only intended to mean the will of the original testator.

In the case of *Barrick, Exr.,* v. *Fligle,* 103 Ohio App., 507, 146 N. E. (2d), 330, the devise, in items 3 and 8, was "absolutely." In items 9 and 11 the devise was "absolutely and in fee simple." The court, at page 511, stated in conclusion: "Nothing in the instrument before us indicates such a desire on the part of the testatrix to overcome the operation and effect of the statute."

In view of these observations, to attempt to interpret the use of the word, "wills," as applying in the plural to a will of the surviving spouse would enable that will to circumvent the plain provisions of the statute as to the will of the original testator. That would be an unnatural interpretation.

*Judgment affirmed.*

McCLINTOCK and McLAUGHLIN, JJ., concur.