557 P.2d 599

In the Matter of the ESTATE of Ira D. KERLEE, Deceased.

Paul G. EIMERS, Personal Representative of the Estate of Ira D. Kerlee, Deceased, Plaintiff-Respondent,

v.

NORTH IDAHO CHILDREN'S HOME, aka Children's Home Finding Aid Society of Lewiston, Idaho, Defendant-Respondent,

and

George W. Fogg, Individually, and as Special Administrator of the Estate of Margaret Fogg, Defendant-Appellant.

No. 12145.

Supreme Court of Idaho.

Dec. 23, 1976.

**6**

Dale L. Luplow, Grangeville, for defendant-appellant.

Paul G. Eimers, Grangeville, John H. Bengtson of Randall, Bengtson & Cox, Lewiston, for plaintiff-respondent.

DONALDSON, Justice.

The facts of the present case are undisputed. The testator Ira D. Kerlee died on September 11, 1974 at 6:50 p.m. Margaret Fogg, testator's sister and the primary beneficiary under the will, died on September 14, 1974 at 8:55 p.m., approximately 74 hours after the death of her brother. The testator named the Children's Home Finding and Aid Society as the conditional beneficiary of his estate. If Margaret Fogg did not survive the testator, the estate would go to the Children's Home Finding and Aid Society, hereinafter referred to as the North Idaho Children's Home.

Both parties agree that if it were not for I.C. § 15–2–601, the testator's estate would have passed immediately upon his death to the primary beneficiary, Margaret Fogg, because she actually survived the testator. Idaho Code § 15–2–601 provides as follows:

"A devisee who does not survive the testator by one hundred twenty (120) hours is treated as if he predeceased the testator, unless the will of the decedent contains some language explicitly dealing with simultaneous deaths or deaths in a common disaster, or *requiring that the devisee survive* the testator or survive the testator for a stated period in order to take under the will." (emphasis added)

The critical issue on appeal is whether the 120 hour survivorship requirement of I.C. § 15–2–601 applies. The district court concluded that I.C. § 15–2–601 required as a matter of law that Margaret Fogg survive the decedent by 120 hours in order to take under his will. Since Margaret Fogg failed to satisfy the 120 hour survivorship requirement, the court held that the decedent's estate passed to the North Idaho Children's Home. George W. Fogg, hereinafter referred to as appellant, is the husband and sole surviving heir of Margaret Fogg. He appeals the decision of the district court.

Appellant argues that I.C. § 15–2–601 allows the testator's will to supersede the statutory survivorship requirements in certain designated circumstances, one of which is when the will contains explicit language requiring only that the "devisee survive the testator" in order to take. Clause 3 of the decedent's will is the relevant portion of the will. It reads as follows:

"I hereby give, devise, and bequeath all my property and estate whatsoever nature and kind, and wheresoever situated to my sister, Margaret Fogg, whose present address is 10017—3rd Ave. S.W., Seattle, Washington 98146.

*"If my sister above-named, does not survive* me, then I give, devise, and bequeath all my property and estate to the Children's Home Finding and Aid Society of Lewiston, Idaho, commonly known as the North Idaho Children's Home which is situated at 1720—18th Avenue, Lewiston, Idaho." (emphasis added)

Appellant contends that Clause 3 of the testator's will contains explicit language allowing Margaret Fogg to inherit by merely surviving the decedent in that it provides that "if my sister above-named does not survive me" then the contingent beneficiary should take. The converse of that statement is that Margaret Fogg *is* to take if she *does* survive the testator.

We agree with appellant that such language falls under a statutory exception to the 120 hour survivorship requirement. The will effectively states that all Margaret Fogg had to do in order to take under the will was to survive the testator. Having done so, Margaret Fogg became entitled to inherit even though she did not survive for 120 hours.

Counsel for North Idaho Children's Home argues that the reference to survival was merely a condition or limitation on North Idaho Children's Home's rights under the will and is in no way a condition upon the rights of the primary beneficiary under the will. The testamentary gift to Margaret Fogg under this line of reasoning was absolute. There was no qualifying language conditioning the gift on her surviving the testator, so the 120 hour survivorship requirement would apply. We cannot acquiesce in such a strained construction.

The statute in question provides that the 120 hour survivorship requirement will apply "unless the *will* of the decedent contains some language dealing explicitly * * * requiring that the devisee survive the testator . . . in order to take under the will." (emphasis added) The statute looks to the entire will, not a particular paragraph.

Similarly, case law provides that a testator's intent is to be gathered from the entire document, not just one particular paragraph. *Wilson v. Linder,* 18 Idaho 438, 110 P. 274 (1910). The effect of the conditional beneficiary clause is to allow Margaret Fogg to take under the will merely by surviving the decedent. The Court finds that this is sufficiently explicit to supersede the 120 hour survivorship requirement.

Respondent cites authority from the State of Ohio for the proposition that in order to render inapplicable the statutory requirement that a devisee or legatee survive the testator for a stated period of time in order to take under the will, the will must "specifically" or in "unmistakeable language" state that the devisee or legatee is entitled to take under the testator's will even though he fails to meet the statutory survivorship requirement. *Alten v. Barnecut,* 168 N.E.2d 9 (Ohio 1959). This court is not persuaded by the Ohio authority. Although the Ohio statute contains a survivorship clause, the statutory language of the Ohio statute differs materially from

that of I.C. § 15–2–601. Section 2105.21, Revised Code of Ohio, in relevant part reads as follows:

"* * * When the surviving spouse or other heir at law, legatee or devisee dies within thirty days after the death of the decedent, the estate of such decedent shall pass and descend as though he had survived such surviving spouse, or other heir at law, legatee or devisee * * *. This section shall not apply in the case of wills wherein provision has been made for distribution of property *different from the provisions of this section.* In such case such provision of the will shall not prevail over the right of election of the surviving spouse." (emphasis added)

In interpreting the Ohio statute, the Ohio Court of Appeals focused on the specific language of the statute:

"Now in order that the last paragraph of Section 2105.21, Revised Code, above quoted comes into being and operation, the will must say specifically or in unmistakeable language that the devisee or legatee shall take under the will even though he or she does not survive the testator for a period of thirty days. *That is the meaning of 'different from the provisions of this section.'*" 168 N. E.2d at 11. (emphasis added)

Idaho Code § 15–2–601 does not contain language that mandates such specificity. Accordingly, we do not demand it. Judgment reversed. Costs to appellant.

McFADDEN, C. J., and SHEPARD and BAKES, JJ., concur.

BISTLINE, Justice (specially concurring).

The majority opinion does justice to the testator's intent as that intent is manifest from the unambiguous provisions of his will, I.C. § 15–2–603, In re Corwin's Estate, 86 Idaho 1, 383 P.2d 339 (1963), as it was written. The will of Mr. Kerlee, the decedent, does contain "survival" language.

I agree also that the Ohio authority cited by respondent is not, and ought not to be, controlling here. The Ohio statute and our statute are dissimilar. *Our statute is wholly premised on common accident or common disaster situations,* as explained below. Ohio, prior to the present enactment of § 2105.21, Revised Code of Ohio, had an earlier statute which contained language clearly indicating that the 30-day survival requirement was intended for application only where the deaths "resulted from a common accident." Section 10503–18 General Code of Ohio. But that statute no longer so provides.

Believing that the legislature may want to rewrite this section of the Uniform Probate Code, additional grounds for concurring in reversal will be stated with that thought in mind.

A. In my opinion I.C. § 15–2–601 contains a mistake in draftsmanship. As a preface to my remarks, I take note of the comment to § 15–2–601, which states:

"This parallels Section 2–104 requiring an heir to survive by 120 hours in order to inherit."

Comment to I.C. § 15–2–104, in part, reads:

"This section is a limited version of the type of clause frequently found in wills to take care *of the common accident situation, in which several members of the same family are injured and die within a few days of each other.*

"The Uniform Simultaneous Death Act provides only a partial solution, since it applies only if there is no proof that the parties died otherwise than simultaneously.

"This section requires an heir to survive by five days in order to succeed to decedent's intestate property, for a comparable provision as to wills, see Section 2–601.

"This section avoids multiple administrations and in some instances prevents the property from passing to persons not desired by the decedent."

(Empahsis added.) Comment, I.C. § 15–2–104.

I.C. § 15–2–613 is the re-enactment of the earlier Idaho Simultaneous Death Act, formerly I.C. § 14–119 to I.C. § 14–128, first passed by the Legislature in 1943, S. L.1943, ch. 83, p. 168; and amended with the adoption of the Uniform Probate Code, so that the first paragraph of the Act now reads:

"*Subject to extension by the provisions of section 15–2–104 and section 15–2–601 of this code,* where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be distributed as if he had survived, except as otherwise provided in this section." (Emphasis added.) I.C. § 152–613

I.C. § 15–2–601 and § 15–2–104 are thus identified as a part of the Simultaneous Death Act. This conclusion is fortified by the express language of I.C. § 15–3–817.

The 1943 Act did not deal with "common accident situations" wherein all *did not* perish at the same time. Thus resulted the case of In re Davenport's Estates, 79 Idaho 548, 323 P.2d 611 (1958).

Litigation there was ignited by a sizeable estate owned by James and Mary Davenport, who both died intestate from injuries received in a highway accident. Because they had no children, battle lines were drawn between her heirs-at-law and his heirs-at-law, and the spoils of battle hinged on establishing which of these two unfortunate persons died first, with Mary's heirs winning by a last gasp. This Court noted the inapplicability of the Simultaneous Death Act. The provisions of I.C. § 15–2–104, had it been in effect, would have precluded the Davenport litigation.

Common accident situations, whether death comes by auto, airplane, by fire, or by assassin, are not uncommon. It is recognized that many attorneys have for years carefully advised of these contingencies in

preparing a client's will. By doing so, probate expenses are minimized, but more important, in husband-wife and parent-child situations, considerable tax savings are brought about by avoiding a doubling up of estates, and also sharply magnified shrinkage due to the graduated (always upward) scale of federal estate taxation schedules. It is recognized that not every husband and wife have had the benefit of legal advice before finding themselves hastening out of this life, intestate, and as a result of a common accident.

The drafters of the Uniform Probate Code, and the legislature which enacted it, in adding I.C. § 15–2–601 and § 15–2–104, are thus seen as having clearly intended to benefit those persons who, though not perishing simultaneously, nevertheless experienced and did not survive a common accident, and either died intestate or without a will containing such provisions.

The error to which I allude is readily observed by reading I.C. § 15–2–601 with the second "or" deleted. It is obviously surplusage, and, were it necessary to do so in reaching a determination here, there is authority for reading it out. *State v. Bowman*, 40 Idaho 470, 235 P. 577 (1940). By so doing would then be expressed what I deduce to be the plain intent of the statute. Otherwise, and viewed in isolation, the statute is meaningless, and fails to accomplish any thing but the confusion which reigns in the instant case.

So read, absent the second "or," the statute quite clearly will be of benefit with regard to common accident (Comment) or common disaster (Code) situations, and will properly correlate with its statutory counterpart. The correction would best come from the legislature.

Under I.C. § 15–2–601 (as it should read), where the testator's will contains language showing that this possibility of staggered deaths arising out of the same common disaster was considered, and it is explicitly dealt with, in language requiring that the devisee survive the testator, or survive by as much of a time period as the testator may designate, I.C. § 15–2–601 will not apply.

B. If the statute now read as I show that it should read, the result here would be the same. It is abundantly clear that both I.C. § 15–2–601 and § 15–2–104 are intended to apply *only in common accident and disaster situations*. This is further demonstrable by the language used. While the wording in I.C. § 15–2–601 reads as to "a devisee who does not survive," the same provision in I.C. § 15–2–104 reads as to "any person who *fails* to survive." (My emphasis.) Failing *to* survive (the accident or disaster) is the more appropriate and descriptive language, and shows the intent of the legislature.

In this case we have a testator living in Grangeville, Idaho, making testamentary provision for his sister in Seattle, Washington. Here, then, there was no reason for this testator and his attorney to draft a will which would cover the extremely remote contingency that these two might suffer injuries in a common accident or disaster from which both might ultimately perish, but at different times. The will, as drafted, thoroughly and competently expressed the intent of the testator that, if his sister outlived him, she should inherit his estate. This is what the 70 year old testator had in mind in July of 1966, when he made his 66 year old sister the primary beneficiary of his estate. Common disaster legislation is to be confined to common disaster situations. This was not such a situation.

C. If the statute is to be amended to delete the offensive "or" and the legislature would at the same time in plain language specify that I.C. § 15–2–601 is intended only for application to common accident and common disaster situations, I submit that thereby would be avoided any future problem such as has presented itself in this case, i.e., a contention that the decedent's last will and testament, executed by him in 1966 with the aid and advice of competent counsel, could be retroactively amended by a legislative amendment to his

will concerning which there is no reason to say that he should have knowledge. By according such specificity, and perhaps by embracing this matter of intended retroactivity in the title of an amendatory act, future problems will thereby be avoided. I suggest only that the Title to ch. 111 of the Session Laws of 1971 might be read by some as not embracing the provisions of Section 28 thereof, which deal with retroactivity.