ESTATE OF JEAN ACORD, DECEASED, STERLING ERNEST
NORRIS, PERSONAL REPRESENTATIVE, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17271-87.     Filed July 5, 1989.

*James L. Norris,* for the petitioner.
*Sherri L. Munnerlyn,* for the respondent.

## OPINION

COHEN, *Judge:* Respondent determined a deficiency of
$151,544.96 in the estate tax of petitioner. After conces-
sions, the issue for decision is whether decedent's gross
estate includes property passing from her spouse, who died
38 hours prior to decedent as a result of injuries sustained
in a common accident.

1

All of the facts have been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner Sterling Ernest Norris, Personal Representative of the Estate of Jean Acord, was a resident of California at the time the petition was filed.

Jean Acord died on June 25, 1983, as a result of injuries received in an automobile accident. Her death followed by 38 hours the death of her husband, Claud Acord, on June 24, 1983, as a result of the same accident. Mr. and Mrs. Acord were domiciled in Arizona at the time of their deaths. They owned community property having a fair market value of $779,106.75 and joint tenancy property having a fair market value of $22,484.

The will of Claud Acord contained the following provisions:

SECOND: I hereby give, devise, and bequeath all my property, whether real, personal or mixed in character, unto my beloved wife, JEAN ACORD, to have and to hold, completely and absolutely, unto herself, her heirs and assigns forever.

THIRD: In the event my beloved wife, JEAN ACORD, dies before I do, at the same time that I do, or under such circumstances as to make it doubtful who died first, I hereby give, devise and bequeath all of my property as follows:

(1) One-half to my brother, MELVIN F. ACORD. In the event my brother, MELVIN F. ACORD, predeceases me, then in such event, such share shall be distributed to my nephew, ROBERT CLAUD ACORD.

(2) One-half to be divided in equal shares between my nephews and niece, JIM NORRIS, BOB NORRIS, JEANNE PUEPPKT and STERLING ERNIE NORRIS.

A comparable provision was contained in the will of Jean Acord. Other provisions of the wills are not material to our decision in this case.

Petitioner contends that Jean Acord received nothing from the estate of Claud Acord at the time of her death because she did not survive him by 120 hours. Petitioner's position is based on the following provisions of Ariz. Rev. Stat. Ann. (1975) (A.R.S.) sec. 14-2601:

SEC. 14-2601. Requirement that devisee survive testator by one hundred twenty hours

A. A devisee who does not survive the testator by one hundred twenty hours is treated as if he predeceased the testator, unless the will of

decedent contains some language dealing explicitly with simultaneous deaths or deaths in a common disaster, or requiring that the devisee survive the testator or survive the testator for a stated period in order to take under the will.

B. If the time of death of the testator, the devisee or both cannot be determined and it cannot be established that the devisee has survived the testator by one hundred twenty hours, it is deemed that the devisee has failed to survive for the required period.

Respondent contends that A.R.S. sec. 14-2601 does not apply because Claud Acord's will contained provisions specifically dealing with simultaneous deaths and requiring survivorship by Jean Acord. Because she survived her husband, respondent contends that Jean Acord succeeded to Mr. Acord's share of their property and that all of it is taxable in her estate.

The parties represent that no Arizona case has construed A.R.S. sec. 14-2601. A.R.S. sec. 14-2601A, however, is adopted from sec. 2-601 of the Uniform Probate Code. Respondent argues that Claud Acord's will contained a provision dealing with simultaneous deaths and required that Jean Acord survive Claud Acord in order to take under his will. Respondent relies on various commentaries on Arizona law and on *In re Estate of Kerlee,* 98 Idaho 5, 557 P.2d 599 (1976). In *Kerlee,* the Supreme Court of Idaho decided that Idaho's comparable provision from the Uniform Probate Code did not apply when the will of the decedent conditioned a devise on survival of the devisee. The commentators cited by respondent similarly consistently indicate that A.R.S. sec. 14-2601 does not apply where a will sets forth a devise conditioned on survival. R. Effland, Arizona Probate Code Practice Manual (1973); R. Effland, "Estate Planning Under the New Arizona Probate Code," 1974 Ariz. St. L.J. 20, 21; W. Van Slyck, Decedents' Estates Provisions of the 1974 Arizona Probate Code (3d. ed. 1981).

Among the General Comments to the Uniform Law is the following:

Part 6 deals with a variety of construction problems which commonly occur in wills. All of the "rules" set forth in this part yield to a contrary intent expressed in the will and are therefore merely presumptions. * * * [8 Uniform Laws Annotated p. 128 (West 1983).]

Petitioner contends that the General Comment:

requires that sec. 2-601 will yield only when there is a "contrary intent expressed in the will." In the case now before the Court, there is no provision in Claud Acord's will that is contrary to the A.R.S. sec. 14-2601 requirement that Jean Acord must survive Claud Acord by 120 hours or else she will be treated as predeceasing him. Claud Acord's will does not state that Jean Acord should be required to survive him by more than, or less than, 120 hours, or any other time period. In fact, Claud Acord's will is totally silent as to any requirement that Jean Acord is to survive him by any time period.

Petitioner argues that the language in Claud Acord's will is consistent with, not contrary to, A.R.S. sec. 14-2601. Further, petitioner argues:

sec. 14-2601 reference to simultaneous death was a drafting error because if there is a simultaneous death, there is factually no need to consider any survivorship by 120 hours because the simultaneous death prevents any possible survivorship. A.R.S. sec. 14-2601 should be interpreted to apply only to explicit language in a will dealing with a common disaster or a will provision requiring the devisee to survive the testator by some stated period of time other than 120 hours. The reference to simultaneous death should not be applied. * * *

We cannot accept petitioner's construction of the statute.

A.R.S. sec. 14-2601 does not, by its terms, require that the provision in the will be contrary to the 120 hours presumption. The operative language in the statute is "unless the will of the decedent *contains some language dealing explicitly with* simultaneous deaths or deaths in a common disaster, or requiring that the devisee survive the testator * * * ." (Emphasis added.) Thus the statute takes effect in the absence of provisions dealing with that subject matter and does not merely amplify such provisions. This plain language cannot be overcome by a General Comment in a Uniform Law, if that comment were inconsistent with our conclusion. In context, however, there is no inconsistency.

Following A.R.S. sec. 14-2601 in the Arizona Probate Code is sec. 14-2603, which provides:

Rules of construction and intention

The intention of a testator as expressed in his will controls the legal effect of his dispositions. The rules of construction expressed in the

succeeding sections of this article apply unless a contrary intention is indicated by the will.

The succeeding sections are numbered 14-2604 through 14-2612. The contrary intention language, therefore, does not apply to sec. 14-2601.

Petitioner also argues that Claud Acord's will did not provide that Jean Accord takes under the will if she survives, require that Jean Acord survive in order to take under the will, or use the word "survive" at all. This argument is untenable in view of Articles Second and Third, quoted above. Devises to Mrs. Acord under Mr. Acord's will are made to other persons only if she dies before him, at the same time as he does, or in other circumstances where the order of deaths cannot be determined. None of these events occurred, and the contingent devises do not take effect.

In order to implement the agreements of the parties,

*Decision will be entered under Rule 155.*