ESTATE OF Jean ACORD, Deceased, Sterling Ernest Norris, Personal Representative, Petitioner–Appellant,

v.

COMMISSIONER of INTERNAL REVENUE, Respondent–Appellee.

No. 90–70006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 1991.

Decided Oct. 22, 1991.

James L. Norris, Bismark, N.D., for petitioner-appellant.

William A. Whitledge, Washington, D.C., for respondent-appellee.

Before SCHROEDER and REINHARDT, Circuit Judges, and KING,* District Judge.

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

**SCHROEDER, Circuit Judge:**

We are in an unusual position for a federal appeals court. We must decide an issue of first impression under Arizona probate law. We are called upon to interpret Arizona's statutory provision that a devisee who does not survive a testator by more than 120 hours is deemed to have predeceased the testator unless the will includes "some language dealing explicitly with simultaneous deaths or deaths in a common disaster, or requiring that the devisee survive the testator or survive the testator for a stated period in order to take under the will." A.R.S. § 14-2601(A).

Claud and Jean Acord, husband and wife, were involved in a car accident in which Claud was killed immediately. Jean died approximately 38 hours later. Claud's will bequeathed all of his property to Jean, but also contained a clause stating: "In the event my beloved wife, Jean Acord, dies before I do, at the same time that I do, or under such circumstances as to make it doubtful who died first, I hereby give, devise and bequeath all of my property" to alternate devisees. The Internal Revenue Service claimed that this clause was sufficient to override the statutory requirement of survival by at least 120 hours, and that therefore, since Jean survived Claud by 38 hours, his assets passed to her estate. Under this construction, Jean's estate now owes $151,544.96 in additional taxes. The Estate argues that the language of the will is not sufficient to override the statutory provision, and that since Jean did not survive Claud by 120 hours she should be deemed to have predeceased him. Under the Estate's construction, Claud's assets did not pass to Jean and the Estate therefore owes no additional tax. The Tax Court adopted the IRS's position. We affirm.

Arizona Revised Statutes section 14-2601 was adopted verbatim from section 2-601 of the Uniform Probate Code. The commentary to the Uniform Probate Code indicates that the 120-hour survival requirement "avoids multiple administrations and in some instances prevents the property from passing to persons not desired by the decedent." Unif.Prob.Code § 2-104, 8 U.L.A. 64 cmt. (1983) (discussing provision requiring heir to survive decedent by 120 hours in order to take by intestate succession, referencing section 2-601 as its parallel for situations where there is a will). Because there is no other expression of the intent of the Arizona legislature, we assume, as the parties do, that the statute here at issue was meant to serve these purposes. Since the alternative devisees in the wills of Claud and Jean Acord are identical, there is no possibility that allowing Claud's property to pass to Jean will result in the inheritance of Claud's property by persons Claud did not wish to benefit. Thus, the only purpose of the statute which would be served in this case is avoidance of multiple administrations of the property in Claud's estate.

Such multiple administrations are not always detrimental to the beneficiaries, however. A leading expert on the Arizona Probate Code has noted that where the bequest is to a spouse, if the bequest fails because of the 120-hour survival requirement, then any resulting gift to alternative beneficiaries will not have the benefit of the marital tax deduction that would apply if the spouse took under the will. See Effland, *Estate Planning Under the New Arizona Probate Code*, 1974 Ariz.St.L.J. 1, 20 (1974). This authoritative commentary on the subject appears to assume that individuals wishing to preserve this deduction will seek to draft a will that includes language that will circumvent the statute. See id. at 21 (suggesting language that will avoid application of the statute); id. at 30 (same). See also J. Geiser, D. Estes, L. Comus, Jr., and E. ter Horst, *Arizona Probate Code Practice Manual* 25-26 (3d ed. 1989) (suggesting the inclusion of language concerning survivorship in a will "in order to assure a marital deduction"). For example, noting that the language of the statute makes it inapplicable if the will merely "contains some language" about survival or simultaneous deaths, Effland suggests that the statute is easily circumvented by the following types of provisions: (1) a devise to a given beneficiary "if he survive me"; (2) a clause such as: "if any benefi-

ciary fail to survive me, or die within one month after my death, his gift shall lapse and become part of the residue"; (3) a devise with a provision stating that any beneficiary who dies under circumstances that make it difficult to determine whether that beneficiary died before the testator will be deemed to have survived the testator; or (4) a clause providing that where it is impossible to determine the sequence of death, the beneficiary shall be presumed to have predeceased (or to have survived) the testator. Effland, *supra*, at 30. The ease with which the statute can be circumvented has been cited as a positive feature, making it unlikely that the marital deduction will be lost due to the statute's operation. *See id.*

The will in this case does contain language dealing with simultaneous death. It specifically provides for alternative beneficiaries to receive the estate if Jean Acord were to die before Claud, at the same time, or "under such circumstances as to make it doubtful who died first." This language is similar to Professor Effland's example (4) noted above. By specifying the circumstances under which Jean Acord would be deemed to have predeceased him, and specifically including language about simultaneous death, Claud Acord brought his will outside of the purview of section 14–2601(A).

The Estate's principal argument on appeal is that if this will is considered beyond the scope of section 14–2601(A), then no will that designates alternative devisees in the event that a primary beneficiary predeceases the testator will ever come within the purview of that statute. The designation of an alternative devisee is desirable, because without it the property bequeathed to one who predeceases the testator may pass under the laws of intestacy or become a part of the residual estate. *See* W. Bowe, D. Parker, J. Schoenblum, and R. Booth, 6 *Page on Wills* §§ 50.8, 50.11 (3d ed. 1960 & 1991 Supp.). The Tax Court's construction of the statute, the Estate contends, would make it impossible to avoid such a situation without also rendering A.R.S. § 14–2601 inapplicable.

We must reject the argument that applying the statute according to its own terms means that the 120–day requirement never applies to a will with alternative beneficiaries. The statute's terms expand the definition of the word "predeceased" in the absence of specific language in the will suggesting a different definition. Thus, a will that simply designates alternative beneficiaries who are to take if the primary beneficiary "predeceases" the testator will trigger the 120–day requirement of section 14–2601. Such a beneficiary would be deemed by operation of the statute to have predeceased the testator if the beneficiary died within 120 hours of the testator. Furthermore, a testator who wishes to be certain that no beneficiary will take unless that beneficiary survives the testator by a given period may specify as much in the will. Indeed, the inclusion of such language is suggested in the practice manuals. *See, e.g.,* J. Geiser, et al., *Arizona Probate Code Practice Manual, supra,* at 25–26; First Interstate Bank of Arizona, *Will & Trust Forms,* W–3.2 (1982). Thus, contrary to the Estate's claims, this construction of the statute does not render it inapplicable in every instance where there is a will that designates alternative beneficiaries.

We therefore conclude that the presence of the language in this will dealing with simultaneous death of the beneficiary and the testator renders section 14–2601(A) inapplicable. In so holding, we are in accord with the Supreme Court of Idaho's interpretation of that state's virtually identical statute, which is the only opinion to date construing such a provision. *See Estate of Kerlee,* 98 Idaho 5, 557 P.2d 599 (1976).

AFFIRMED.