[Cite as *In re Estate of Wall*, 2017-Ohio-5713.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 16 MA 0023 |
| | ) | |
| THE ESTATE OF: | ) | |
| CRYSTAL E. WALL, DECEASED | ) | OPINION |
| | ) | |
| | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas, Probate Division, of Mahoning County, Ohio Case No. 2015 ES 132 |
| JUDGMENT: | Affirmed. |

APPEARANCES:

| | |
|---|---|
| For Appellant William ("Bill") Wall: | Atty. John Ams 143 Westchester Drive Youngstown, Ohio 44515 |
| For Appellee Alexander Wall, Executor: | Atty. Neil H. Maxwell Atty. Matthew M. Ries Harrington, Hoppe & Mitchell, Ltd. 26 Market Street, Suite 1200 Youngstown, Ohio 44503 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: June 27, 2017

WAITE, J.

{¶1} Appellant, William ("Bill") Wall, appeals the judgment of the Mahoning County Common Pleas Court, Probate Division, holding that Willie Mae Wall ("Willie Mae") was deemed to have predeceased her daughter, Crystal E. Wall ("Crystal"), for purposes of determining survivorship. Willie Mae did not survive Crystal by 120 hours as required pursuant to R.C. 2105.32. Based on a review of the record, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

### Factual and Procedural History

{¶2} Willie Mae and her adult daughter, Crystal, resided together in Youngstown, Ohio. On October 30, 2014, Willie Mae discovered Crystal's deceased body in her home. As a result, Willie Mae suffered a stress-induced event and also died. It is undisputed that Willie Mae passed away less than 120 hours after the death of Crystal.

{¶3} On March 11, 2015, Crystal's will was admitted to the Mahoning County Probate Court. An estate was also opened for Willie Mae, who died intestate. On July 23, 2015, Appellant, who is Crystal's brother, filed objections to the inventory of the estate of Crystal. Appellant is not a named beneficiary under Crystal's will. He is, however, heir to any estate of Willie Mae. Appellant contends that Crystal's estate should pass to Willie Mae's estate pursuant to Crystal's will prior to distribution of Willie Mae's estate. Appellee, Alexander Wall, is Executor of Crystal's estate and contends that R.C. 2105.32, also known as Ohio's Presumption of Death Statute, requires a beneficiary to survive a decedent by 120 hours, otherwise the beneficiary

is deemed to have predeceased the decedent. His position is that the estate should devise to the alternative beneficiaries.

**{¶4}** The trial court ordered the parties to submit briefs to the court regarding R.C. 2105.32 and the survivorship issue. On February 3, 2016, the trial court issued a judgment entry holding that R.C. 2105.32 precluded the estate of Willie Mae from inheriting under Crystal's will because Willie Mae did not survive Crystal by 120 hours as required by statute. Appellant filed this timely appeal.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED IN FINDING THAT THE WILL OF CRYSTAL WALL DOES NOT FALL WITHIN THE EXCEPTION TO THE 120-HOUR RULE CONTAINED IN R.C. 2105.36(A).

**{¶5}** Appellant contends the trial court erred in finding that the language in Crystal's will does not cause the will to fall within a statutory exception to the operation of R.C. 2105.32.

**{¶6}** Questions of statutory interpretation are reviewed *de novo. State v. Best,* 7th Dist. No. 04 MA 203, 2005-Ohio-4375, ¶ 34. When interpreting a statute, a court's primary concern is the legislative intent behind the enacting of the particular statute. *State v. S.R.,* 63 Ohio St.3d 590, 594, 589 N.E.2d 1319 (1992). It is axiomatic that a court must look to the language of the statute itself to determine the legislative intent. *Shover v. Cordis,* 61 Ohio St.3d 213, 218, 574 N.E.2d 457 (1991). In undertaking that interpretation, the statute's words and phrases must be read in context and construed according to the rules of grammar and common usage.

*Independent Ins. Agents of Ohio, Inc. v. Fabe,* 63 Ohio St.3d 310, 314, 587 N.E.2d 814 (1992); R.C. 1.42. Courts cannot ignore the plain and unambiguous language of a statute in interpreting the statute, but must give effect to all of the words used within the statute. *Johnson's Markets, Inc. v. New Carlisle Dept. of Health,* 58 Ohio St.3d 28, 35-36, 567 N.E.2d 1018 (1991). Thus, a court may not delete language from, or insert words not present into, a given statute. *Cline v. Ohio Bur. of Motor Vehicles,* 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991).

{¶7} The Presumption of Death statute, R.C. 2105.32 reads:

(A) Except as provided in section 2105.36 of the Revised Code, if title to property, the devolution of property, the right to elect an interest in property, or the right to exempt property, homestead, or allowance for support depends upon an individual's survivorship of the death of another individual, an individual who is not established by clear and convincing evidence to have survived the other individual by one hundred twenty hours is deemed to have predeceased the other individual.

{¶8} Based on a plain reading of this statute, it provides that if a presumed heir does not survive the decedent by at least 120 hours, that presumed heir will be deemed to have predeceased the decedent and is thereby unable to inherit under the decedent's will.

{¶9} An exception to the operation of this statute is contained within R.C. 2105.36(A), which reads, in pertinent part:

Survival by one hundred twenty hours is not required if any of the following applies:

(A) The governing instrument contains language dealing explicitly with simultaneous deaths or deaths in a common disaster, and that language is operable under the facts of the case.

{¶10} The exception to the presumption of death rule requires the governing instrument, in this case Crystal's will, to "explicitly" deal with simultaneous death or death in common disaster to circumvent the operation of the presumption. The fifth section of Crystal's will reads:

I give, devise and bequeath all of my estate, whether real, personal or mixed of whatever kind and wherever situated, hereinafter referred to "my estate" to my mother, Willie Mae Wall, if she survives me. Should she predecease me, I then give, devise and bequeath all of my estate as follows: [.]

{¶11} Appellant contends that the language "if she survives me" and "[s]hould she predecease me" in Crystal's will is sufficient to trigger the exception to the presumption of death statute. Citing a decision from the Supreme Court of Idaho, Appellant argues that Ohio has never interpreted this issue, and seeks to have us rely on the Idaho Court's interpretation of its statute, which uses language similar to the Ohio statute, to determine that the language in Crystal's will allows her devisee, Willie May, to inherit if Willie Mae survives Crystal for any period of time.

{¶12} The facts of *In the Matter of the Estate of Ida D. Kerlee,* 98 Idaho 5, 557 P.2d 599, 88 A.L.R.3d 1331 (1976) are as follows: Ira Kerlee died. His sister and primary beneficiary under his will, Margaret Fogg, died 74 hours later. Ira's will stated that if Fogg predeceased him, Children's Home Finding and Aid Society was the conditional beneficiary. The Idaho statute regarding presumption of death, I.C. 15-2-601, provided:

> A devisee who does not survive the testator by one hundred twenty
>
> (120) hours is treated as if he predeceased the testator, unless the will
>
> of the decedent contains some language explicitly dealing with
>
> simultaneous deaths or deaths in a common disaster, or requiring that
>
> the devisee survive the testator or survive the testator for a stated
>
> period in order to take under the will.

Ida.Code 15-2-601.

{¶13} Because the will in *Kerlee* contained the language "[i]f my sister above-named does not survive me," the Idaho Supreme Court held that this language, alone, was sufficient to overcome the operation of the presumption of death statute and the exception applied. *Id.* at 600.

{¶14} Appellee responds that Ohio courts have affirmatively rejected the *Kerlee* decision. In a case interpreting a prior version of the current statute, which stated that the survivorship period was 30 days rather than 120 hours, the Sixth District held that Ohio's presumption of death statute applied to treat the devisee as predeceasing the testator because the testator did not "specifically or unmistakably

provide that a named legatee or devisee shall take under the will, even though said legatee or devisee survives the testator, but by less than thirty days." *In the Matter of Est. of Tertel v. Tertel,* 6th Dist. No. L-83-286, 1984 WL 7760 (Feb. 3, 1984) *3. Although it was in reference to a prior version of the statute, the court clearly and affirmatively rejected the holding in *Kerlee*, noting that it was a case that "distinguishes Ohio's position." *Id.*

**{¶15}** As discussed, R.C. 2105.36(A) provides for an exception to the 120 hour rule contained in the presumption of death statute in two circumstances: if there is language in the will "dealing explicitly with" (1) simultaneous deaths, or (2) deaths in a common disaster. The Idaho statute includes three circumstances in which the presumption would not apply: (1) explicit language in the will referring to simultaneous deaths; (2) explicit language in the will referring to deaths in a common disaster; or (3) language requiring that the devisee survive the testator or survive the testator for a stated time period. As Appellant urges, this slight difference makes little difference in interpretation of these statutes. That said, it is apparent why the Sixth District would dismiss the *Kerlee* Court's interpretation of this statute out of hand.

**{¶16}** In arguing that the language in Crystal's will serves as an exception to the 120 hour presumption of death, it appears Appellant (and similarly, *Kerlee*) is utilizing circular reasoning. The contention that the words "if she survives me" and "[s]hould she predecease me" adequately provides language "dealing explicitly with" simultaneous or common disaster deaths simply begs the question. R.C. 2105.32 is a definitional section. It was enacted to define the terms "survivor" and "predecease."

Defining what constitutes survivorship and determining under what circumstances a devisee has been deemed to predecease the decedent are exactly the issues, here. The presumption of death statute provides that answer when it states that any individual who passes away within 120 hours of a decedent is considered to have predeceased that decedent. Appellant would have the exceptions subsume the language. But in Ohio, by law, one exception to this definition is that the language of the will at issue must *explicitly* deal with and address the issue of simultaneous death or death in a common disaster when discussing the devisee. Virtually every will names a devisee and an alternate in case the named devisee has predeceased the testator. Simply providing this alternative does not "explicitly" deal with the presumption of death contained in the statute. To hold otherwise would render the operation of the presumption superfluous. Hence, even if the Idaho decision had any value in Ohio as precedent, and it does not, that decision appears to be wrong because it is based on circular logic, and has been considered and disregarded by at least one other Ohio court. In order to meet exception (A) to R.C. 2105.36, the language of an Ohio testator contained in his or her will must clearly state that testator's intention to override the Ohio presumption. The language utilized in the instant will serves only as broad, general language designating beneficiaries, and not as the explicit acknowledgment that Ohio has a definitive presumption defining "survivorship." Part and parcel of this acknowledgement must be the use of wording to actively defeat the presumption. Only then does a testator trigger the statute

allowing an exception to the presumption. No such language is contained in Crystal Wall's will.

{**¶17**} Based on the foregoing, Appellant's assignment of error is without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.